(No. 12670.—Reversed and remanded.)

J. J. ELLSWORTH *et al.* Defendants in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(PATRICK JEFFERSON, Plaintiff in Error.)

*Opinion filed December 17, 1919.*

1. WORKMEN'S COMPENSATION—*what will support finding that employer elected to come under Compensation act of 1913.* Evidence that an employer on July 16, 1913, wrote a letter addressed to the Industrial Board, stating that he had decided to "embrace" the Compensation act of 1912 and requesting a copy of the act, is sufficient to support a finding by the Industrial Board that the employer is under the act of 1913, where the letter on file in the office of the board bears a memorandum that a copy of the act of 1913 was mailed to the employer, and where it is shown that the Industrial Board, on petition prepared by the employer's insurance company, approved a lump sum settlement.

2. SAME—*lump sum settlement does not preclude review under paragraph (h) of section 19 of Compensation act.* Under paragraph (h) of section 19 of the Compensation act the Industrial Board may review its former proceedings on the ground that the disability has recurred or increased, notwithstanding the fact that a lump sum settlement has been made, particularly where the statute was not complied with in making the settlement.

.3. SAME—*what is sufficient to support finding that disability has recurred or increased.* Though an employee has made a lump sum settlement in the belief that his disability, due to a broken leg, is merely temporary, the Industrial Board is justified in finding that the injury has recurred or increased, where the evidence shows that the bones failed to knit properly, and that, notwithstanding subsequent operations, the disability is permanent and the employee unable to follow his former occupation.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. OSCAR M. TORRISON, Judge, presiding.

WILLIAM GILLESPIE, for plaintiff in error.

RALPH F. POTTER, for defendants in error.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

September 16, 1915, Patrick Jefferson, plaintiff in error, was employed by J. J. Ellsworth and Harry McNair, partners, riding horses for exhibition purposes. A bucking horse which Jefferson was riding crashed into a fence and both bones of Jefferson's left leg were broken immediately above the ankle and his shoulder was injured. Jefferson made a lump sum settlement of his claim for $925, which included medical and hospital services. October 20, 1916, Jefferson filed his petition with the Industrial Board in accordance with the provisions of paragraph (h) of section 19 of the Workmen's Compensation act, claiming that the settlement was made under a misapprehension of certain facts and that his disability had recurred and increased since the settlement was made. On this review the Industrial Board found that at the time of the accident both parties were operating under and subject to the terms and provisions of

the Workmen's Compensation act; that Jefferson was earning $42 a week; that notice of the accident and claim for compensation had been made within the time prescribed by statute; that as a result of the accident Jefferson was temporarily totally disabled for a period of twenty-eight weeks, and that following said period of temporary total disability he suffered a permanent partial disability, and awarded to Jefferson $3500 in weekly payments of $12 and $200 additional for medical, surgical and hospital services, and ordered that Ellsworth & McNair have credit for all sums already paid as compensation. The record was taken to the circuit court of Cook county by *certiorari*, and upon the hearing that court set aside the award of the Industrial Board for the reason that the parties were not operating under the Workmen's Compensation act in force at the time of the accident, and certified that the cause is one proper to be reviewed by this court.

The first question presented is whether Ellsworth & McNair had elected to come under the act. They were engaged in the commission business of buying and selling horses, and because of the nature of their business would not be bound by the act unless an election to accept the act had been filed by them with the Industrial Board. On July 16, 1913, J. J. Ellsworth, one of the partners, wrote on the firm's letter-head the following letter, signed with the partnership name and addressed to the Industrial Board at Springfield, Illinois: "This is to advise you that we have decided to embrace the new Workingmen's Compensation act, which took effect May 1, 1912. Kindly acknowledge receipt hereof and send us a copy of this act." This letter was received and answered by the labor department at Springfield on July 17, 1913, stating that the letter would be turned over to the Industrial Board as soon as it was appointed. After being confined in the hospital for about three weeks Jefferson received from the Zurich Insurance Company $24, and every two weeks thereafter he received

from the same company a check for $24, until the sum of
$108 had been received by him. A representative of the
Zurich Insurance Company came to Jefferson's home and
offered to pay him $500 in settlement of his claim against
Ellsworth & McNair, telling him that they were not oper-
ating under the act. Jefferson refused this settlement, and
likewise a later settlement offered by the insurance company.
Following the offer made by the insurance company, Mc-
Nair, one of the partners, called on Jefferson at his home
and told him that Ellsworth & McNair were not working
under the Compensation act. A petition prepared by the
insurance company and addressed to the Industrial Board
was presented to Jefferson and he was requested to sign
it. The petition requested the Industrial Board to permit
Jefferson to waive provisions of the Compensation act and
to settle his claim against Ellsworth & McNair for $725
and medical and hospital services on account of injuries sus-
tained by him, the petition stating that Ellsworth & McNair
were not bound by the terms of the act. Jefferson, rely-
ing on these statements and believing that his disability was
temporary, signed the petition and agreed to accept said
sum of $725. The petition was filed and the lump sum set-
tlement approved by the Industrial Board February 7, 1916.
Jefferson did not appear before the board, the whole pro-
ceeding being conducted by the Zurich Insurance Company.

It is contended by Ellsworth & McNair that the letter
to the Industrial Board did not show an election by them
to come under the act in force at the time the accident
occurred, their claim being that at the time the letter was
written the act of May 1, 1912, had been repealed by the
act which went into effect July 1, 1913. Whether or not
Ellsworth & McNair were under the act is a question of
fact to be determined from all the circumstances connected
with the transaction. It is well to note in this connection
that the Industrial Board was created by the act of 1913.
The election by Ellsworth & McNair to come under the

Compensation act was made by a letter addressed by them to this Industrial Board. According to a memorandum appearing on the bottom of their letter which is on file with the Industrial Board, a copy of the act of 1913 was mailed to them. They carried liability insurance, and when Jefferson was injured the insurance company paid him compensation in accordance with the terms of the act. When the settlement was made they required that it be approved by the Industrial Board. Considering all the evidence it can not be said that there is no evidence justifying the finding of the Industrial Board that Ellsworth & McNair were operating under the Compensation act in force at the time of the accident. There being evidence in the record which did justify this finding, we must hold that the circuit court erred in setting aside the decision of the Industrial Board. *Swift & Co.* v. *Industrial Com.* 287 Ill. 564; *Big Muddy Coal Co.* v. *Industrial Board,* 279 id. 235.

Notwithstanding the fact that a lump sum settlement had been made with Jefferson, the Industrial Board had authority, under paragraph (*h*) of section 19 of the Compensation act, to review its former proceedings. (*Peoria Railway Co.* v. *Industrial Com. ante,* p. 177; *Wabash Railway Co.* v. *Industrial Com.* 286 id. 194; *Arnold & Murdock Co.* v. *Industrial Board,* 277 id. 295.) At the time the board ordered the commutation of the compensation to a lump sum the proceedings had were not in accordance with section 9 of the Compensation act. (Hurd's Stat. 1917, p. 1455.) No effort was made by the board to determine the extent of Jefferson's injuries, and the sum awarded was not computed in accordance with the act.

From a consideration of the whole case it clearly appears that Jefferson accepted this settlement for what he considered a temporary total disability. The evidence now shows that his disability is permanent. The bones of his leg did not knit properly and subsequent operations have failed to restore his leg to its previous condition. He is

compelled to use a brace on this leg, and it now appears that he will not be able to again follow his occupation. The record fully justified the Industrial Board in finding that the disability has recurred and increased, and its decision should be confirmed.

The judgment is therefore reversed and the cause remanded to the circuit court of Cook county, with directions to confirm the decision of the Industrial Board.

*Reversed and remanded, with directions.*