Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of MARY A. METCALF, Respondent, for Compensation under the Workmen's Compensation Law,. *v.* FIRTH CARPET COMPANY, Employer, and AMERICAN MUTUAL LIABILITY INSURANCE COMPANY, Insurance Carrier, Appellants.

Third Department, May 4, 1921.

Workmen's Compensation Law — reopening case — power of State Industrial Commission to reopen case after making lump sum award and make further lump sum award.

Where the State Industrial Commission has made a final award of a lump sum,· and that award has been acted on and carried out between the parties, then rights exist in the employer and the insurance carrier, which the Commission cannot take away, but if the disability continues, and the maximum compensation has not been paid, a further award may be made.

Accordingly, the Commission had the power to reopen the case on the application of the claimant after a final award of a lump sum was made, and, it appearing that claimant's disability continued, to make a further lump sum award, not exceeding in all the amount allowed by the statute.

APPEAL by the defendants, Firth Carpet Company and another, from a decision and award of the State Industrial Commission, entered in the office of said Commission on the 28th day of April, 1920.

*J. Arthur Hilton* [*Alfred T. Tompkins* of counsel], for the appellants.

*Charles D. Newton*, Attorney-General [*E. C. Aiken*, Deputy Attorney-General, of counsel], for the respondents.

VAN KIRK, J.:

On July 2, 1915, claimant, Mary A. Metcalf, was employed by the Firth Carpet Company, working at a weekly wage of ten dollars and fifty-three cents. While engaged in her regular employment, she tripped over a carpet, fell against a table and bruised her right breast, which injury resulted in a cancerous growth, with which she is still afflicted. The injuries sustained by her were accidental injuries and arose out of and in the course of her employment. She filed her claim and awards were made from time to time for weekly payments, and the case continued. These awards were regularly paid. The award made August 9, 1916, recites the facts and terms, as follows:

" It appearing that claimant has been awarded compensation to May 9, 1916, at $7.02 per week, and that claimant is still disabled, and it further appearing that claimant desires a lump sum payment in order that she may return to Scotland, and it also appearing that an operation may be necessary before claimant recovers,    *    *    *

" And the claimant and insurance carrier consenting thereto, it is hereby ordered that claimant be awarded the sum of $192.00, the estimated expenses of an operation, and that in addition thereto she be awarded 87 weeks (from July 24, 1916, to March 25, 1918) at $7.02 per week,— $610.74, making a total award of $879.96, and it is further ordered, the claimant and insurance carrier having consented thereto, that said amount be paid to claimant in a lump sum less any payments that may have been made thereon by the carrier, and that the case be closed."

This award was paid to the claimant, she giving her receipt, dated August 22, 1916. It will be observed that it covers the period ending March 25, 1918.

Claimant became dissatisfied with the lump sum award and requested that the claim be reopened. This request was granted, the disability continuing, and further hearings were had; and a decision granting a further award of $568.62 was made April 21, 1920, covering the period from October 3, 1918, to April 22, 1920. The appeal is taken from this award and the one question presented is whether the Commissioners had power to reopen the case.

The Workmen's Compensation Law contains these provisions: In section 25 (as amd. by Laws of 1915, chap. 167): " The Commission, whenever it shall so deem advisable, may commute such periodical payments to one or more lump sum payments to the injured employee or, in .case of death, his dependents, provided the same shall be in the interest of justice." Since the lump sum award was made herein this provision has been amended (Laws of 1919, chap. 629)* by adding thereto the following: " Such commutation shall be made according to the method prescribed in section twenty-seven of this chapter." (See § 27, as amd. by Laws of 1916, chap. 622, and Laws of 1917, chap. 705.)

In section 74: " The power and jurisdiction of the Commission over each case shall be continuing, and it may, from time to time, make such modification or change with respect to former findings or orders relating thereto, as in its opinion may be just."

In section 22: " Upon its own motion or upon the application of any party in interest, on the ground of a change in conditions, the Commission may at any time review any award, and, on such review, may make an award ending, diminishing or increasing the compensation previously awarded, subject to the maximum or minimum provided in this chapter, and shall state its conclusions of fact and rulings of law, and shall immediately send to the parties a copy of the award. No such review shall affect such award as regards any moneys already paid."

These provisions are not in conflict with section 23 of the act (as amd. by Laws of 1916, chap. 622, and Laws of 1917, chap. 705), which contains this: " An award or decision of the

* Since amd. by Laws of 1921, chap. 540.— [REP.

Commission shall be final and conclusive upon all questions within its jurisdiction, as against the State fund or between the parties, unless reversed or modified on appeal therefrom as hereinafter provided."

These sections must be read together and its proper force given to each. (*Beckmann* v. *Oelerich & Son*, 174 App. Div. 353; *Kriegbaum* v. *Buffalo Wire Works Co., Inc.*, 182 id. 448; affd., 224 N. Y. 621.) Such rules are not strange to our law and practice. A final judgment of the Supreme Court is conclusive between the parties and is subject to review by appeal only, and yet the trial court has control of its judgments and may open the judgment and grant a new trial under certain conditions. (Code Civ. Proc. §§ 1002, 1282; *Seaman* v. *Clarke*, 75 App. Div. 345.)

In *Eggleston* v. *Shinola Co.* (229 N. Y. 622) no opinion was written, but the court states this: " The only question on appeal was as to whether the State Industrial Commission, after making a lump sum award as compensation for an injury, could reopen the case and make a further award where the claimant's disability had persisted." The Appellate Division, without opinion, had affirmed the award (191 App. Div. 930) and the Court of Appeals affirmed the Appellate Division.

In *Spaduccino* v. *Hayes & Co.* (180 App. Div. 37; affd., 223 N. Y. 681) a lump sum award had been made, but not paid. This court said: " The payment of the award in a lump sum would not only have been most unwise, but the Commission was fully justified as matter of law in rescinding the award " under section 74 of the Workmen's Compensation Law (*supra*). In *Kriegbaum* v. *Buffalo Wire Works Co., Inc.* (*supra*) the prior award for permanent partial disability had been paid in full before the claim was reopened.

The purpose of the Workmen's Compensation Law was to compensate employees during their disability to work; and, in case of death, to help their dependents. It was not its purpose to compensate with a lump sum, which may be awarded only in case the same shall be in the interests of justice. (§ 25, as amd. *supra*.) The purpose to compensate employees during their disability is not changed by the granting of a lump sum award. Where the Commission has made a final

award of a lump sum, and that award has been acted upon and carried out between the parties, then rights exist in the employer and the insurance carrier, which the Commission cannot take away; but, if the disability continues, and the maximum compensation has not been paid, a further award may be made. In other words, the employer and carrier must be protected from further awards for the period covered by the lump sum award, but may be subject to a further award if the disability continues beyond that period and the maximum compensation has not been reached. In this case the disability continued. The periods for which awards have been made do not overlap and the maximum compensation permitted by statute has not been exceeded. We conclude that the State Industrial Commission acted within its power in opening the case and making the award appealed from and that the facts justified its acts.

The award is affirmed.

Award unanimously affirmed.