# Stinger v. Rinold Brothers et al., Appellants.

*Workmen's Compensation Act—Compensation agreement—Termination—Failure to answer petition—Power of board to reinstate award—Section 413 as amended by Act of June 26, 1919, P. L. 642.*

The Workmen's Compensation Board has power under section 413 of the Workmen's Compensation Act as amended by Act of June 26, 1919, P. L. 642, to modify, reinstate, suspend or terminate an agreement or award of compensation at any time during the life of the agreement or the period of time it has to run.

The fact that a claimant allowed an award terminating his compensation to go against him, owing to his inaction, does not prevent the board from reinstating his compensation upon proof that his disability has continued or recurred.

Argued October 11, 1922. Appeal, No. 120, Oct. T., 1922, by defendants, from judgment of C. P. No. 1, Phila. Co., Dec. T., 1921, No. 6450, dismissing appeal from decision of Workmen's Compensation Board, in the case of Samuel Stinger v. Rinold Brothers and Maryland Casualty Company, Insurance Carrier. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Appeal from decision of Workmen's Compensation Board. Before BARTLETT, J.

The facts are stated in the opinion of the Superior Court.

The court dismissed the appeal. Defendant appealed.

*Error assigned,* inter alia, was the decree dismissing the appeal.

*Louis Wagner,* and with him *Richard A. Smith,* for appellants.

No appearance and no printed brief for appellee.

OPINION BY TREXLER, J., March 2, 1923:

The claimant was injured while working with his father-in-law, both being in the employ of the defendants. The father-in-law died from the injury received. The claimant was only burned about his hands, and within three weeks the burns had healed. He, however, asserts that the accident left him with shattered nerves. There is a question whether his condition was due to the shock of his father-in-law's death, and the realization that he "came so near being dead himself" or from the burns. The compensation board took the latter view. There is no doubt that there was violence to the physical structure of the plaintiff's body, and his nervousness may have naturally resulted therefrom. The inference to be drawn from the facts was for the board, and the conclusion arrived at in this case was reasonable. See Stahl v. Watson Coal Co., 268 Pa. 452; Watson v. Lehigh Coal & N. Co., 273 Pa. 251.

The accident occurred October 11, 1920. Compensation was paid until January 19, 1921. The employer then presented a petition to terminate the agreement, notice was served upon the claimant who filed no answer, and on the 16th of February, 1921, the referee terminated the agreement upon the assumption that the facts alleged in the petition being unanswered, were true. Act of June 26, 1919, P. L. 642, section 416. On April 21, 1921, the claimant filed a petition to review the agreement, alleging that the referee had terminated it by mis-

take, and after the taking of testimony, the agreement was
reinstated. The appellant contends that the termination
of the agreement by the referee being unappealed from
(section 423) the matter can only be reopened upon
allegation and proof of a change in the condition of the
injured, citing section 413 of the above act. The com-
mission found that the physical condition of the claim-
ant was such at the time the hearing was held upon the
petition to terminate the agreement, that he was unable
to attend, and furthermore he was under the mistaken
impression that the physician had told the defendant
company of his continued disability. It would be hard
if such a slip on the part of a sick man should prevent
him from getting compensation for the injury still ex-
isting, but disregarding this there is good legal ground
to sustain the action of the commission. The matter of
compensation is not finally closed as long as the term of
the agreement, or the award has not expired. In Gairt
v. Curry Coal Mining Company, 272 Pa. 494, the state-
ment of the chairman of the compensation board is
quoted with approval "The act gives the board jurisdic-
tion over an agreement [for the purposes of review] at
any time during the life of the agreement or during the
period of the time [it has] to run." The Supreme Court
further on in the same case states "the relevant legisla-
tion clearly contemplates that, after a compensation
agreement has been filed, or an order for compensation
made, persons affected may apply for review and modifi-
cation during the time the agreement or order has to
run: ......article IV, section 408, and particularly
article IV, section 413, Act of 1919."

The appellant attaches entirely too much importance
to the fact that the claimant allowed an award termi-
nating the disability to go against him owing to his
inaction. Had the appellee attended the hearing fixed
for the consideration of the termination of the agree-
ment, and had he acquiesced in the finding that his disa-
bility had ceased and thereafter his ailment had reap-

peared, he would not have been precluded in showing that the finding that his disability had ended was a mistake. Shall we give greater force to a finding entered by default than if it had been entered after a full hearing? All the award decided was that at the time the finding was made, the disability had apparently terminated. When it recurred, the board had a right to reinstate the claim. Section 413.

The assignments are all overruled, and the judgment is affirmed.