BURLEY v. CENTRAL PAPER CO.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—FINAL
AWARD—REHEARING—REOPENING CASE ON PHYSICAL CHANGE IN
EMPLOYEE.

Although a settlement agreement between an injured em-
ployee and his employer under the workmen's compen-
sation act is equivalent to a final award, and the depart-
ment of labor and industry has no authority to grant a
rehearing of matters already decided by it, where the
physical condition of the injured employee has changed,
the department may, on petition of either employee or
employer, reopen the case and increase or reduce the
compensation as the facts and the law warrant.

2. SAME—FINAL AWARD—REOPENING NOT AUTHORIZED WHERE NO
CHANGE IN EMPLOYEE'S PHYSICAL CONDITION.

Where an employer settled with its injured employee on
the basis provided in the act for the loss of a hand, the
department was without authority later to reopen the
case and grant the employee additional compensation as
for total disability due to the loss of the hand, where
the evidence shows that there has been no change in the
physical condition of the employee since the date of the
settlement.

Certiorari to Department of Labor and Industry.
Submitted October 26, 1922.    (Docket No. 1.)    De-
cided March 22, 1923.

William C. Burley presented his claim for compen-
sation against the Central Paper Company for an
accidental injury in defendant's employ.    From an
order reopening the case and awarding plaintiff ad-
ditional compensation, defendant and the Travelers
Insurance Company, insurer, bring certiorari.    Re-
versed, and order vacated.

On right and extent of review of findings of commission for
injury to employee, see note in L. R. A. 1917D, 186.

*Vandeveer & Foster* (*Berg, Clancy & Randall,* of counsel), for appellants.

*R. W. Nebel,* for appellee.

MCDONALD, J.   This case is here for review on writ of certiorari to the department of labor and industry. While employed as a skilled sawyer by the Central Paper Company of Nogi, Michigan, on the 10th day of June, 1913, William C. Burley suffered a severe injury to three fingers of his right hand, resulting in the amputation of one-half of the third finger and of the second and fourth fingers at the knuckles.   At the time of the accident his weekly wage was $27.

On the 10th of July, 1913, by agreement, the plaintiff received $650 compensation at the rate of $10 per week for a period of 65 weeks for the loss of three fingers.   Thereafter, on the 22d day of May, 1916, on the theory that he had lost the complete use of his right hand as a result of the injury, a supplemental agreement was entered into wherein it was agreed that plaintiff should be paid $10 a week for 85 weeks, which payment, together with the amount previously paid, was understood to be compensation for loss of the hand under section 10 of the act for a period of 150 weeks at $10 a week.   This settlement was approved by the board and payment was made in full in accordance therewith.

On the 23d of September, 1921, the plaintiff filed a petition with the board to reopen the case and to be allowed compensation for total disability.   A hearing was had before a deputy commissioner, who found that the petitioner was totally disabled and was entitled to compensation at $10 per week for 400 weeks or $4,000, but that defendants should be credited with the amount previously paid for the loss of the hand, leaving a balance of $2,500 payable to the plaintiff.

The defendants appealed to the board where the decision of the commissioner was affirmed.

They are now here asking to have the award vacated for the following reasons:

*First.* That the settlement of May 22, 1916, which was filed with the board and approved by it, was conclusive and that the board had thereafter no jurisdiction to grant a rehearing.

*Second.* That there was no evidence to support the findings, and

*Third.* That, having been paid for the loss of a member, he was not entitled to compensation for total disability.

Did the board have jurisdiction to open the case and grant plaintiff a rehearing? The settlement of May 22, 1916, was for the loss of a hand. It was approved by the board. Full payment was made thereunder and final settlement receipts were signed and filed. No appeal was taken, but sometime thereafter the plaintiff filed a petition to reopen the case, claiming that he was totally disabled by reason of injuries to his arm and hand, and that he had signed the settlement in ignorance of his rights under the facts and the law, having been induced to do so by misrepresentation of the defendant company. On the hearing no attempt was made to support the claim that the settlement was induced through fraud or misrepresentation. The board, however, for other reasons, did not regard the settlement as having any binding effect but credited defendants with the amount paid thereunder. Counsel insist that in this the board was in error, that the settlement was conclusive, "the legal equivalent to a final award," and that the board had no jurisdiction to grant a rehearing. They have cited many cases from this court which they claim support that contention. It is true, this court has held that such an agreement is equivalent to a final award (*Estate of Beckwith* v. *Spooner,* 183 Mich. 323

[Ann. Cas. 1916E, 886]) ; and that the board has no authority to grant a rehearing of matters already decided by it; but it has not held that where the physical condition of the injured employee has changed the board may not on petition reopen the case and grant such increased compensation as the facts and the law warrant. The law authorizes the board to review any weekly payments at the request of the employer, insurance company, or employee. In *Estate of Beckwith* v. *Spooner, supra,* this court said:

"On the hearing of such petition for review it can be stated as a general rule that the essentials leading up to the award, or its equivalent, are to be taken as *res adjudicata,* except the physical condition of the injured employee, which naturally and legally remains open to inquiry."

If, however, there has been no change in the physical condition of the injured employee, the board is without authority to grant a rehearing. *Pocs* v. *Buick Motor Co.,* 207 Mich. 591; *Diebel* v. *Construction Co.,* 207 Mich. 618; *Jones* v. *Iron Works,* 212 Mich. 174.

As to whether there has been any change in his physical condition after the settlement, the plaintiff testified on redirect-examination as follows:

"*Q.* Did you have in mind at the time you signed these that you might be able to go back and saw?
"*A.* Yes, I thought I could.
"*Q.* And this amount of money was paid you for the loss of the hand only?
"*A.* The loss of the fingers, yes.
"*Q.* And at the time you had the loss of your hand what was the condition of your right elbow and shoulder?
"*A.* In the same condition then as now.
"*Q.* When you settled the second time was your arm in the same condition then as it is now?
"*A.* I think it was about the same then.
"*Q.* You had at that time a limitation in your elbow like Dr. Scholtes said and as you claim yourself you can't pull your arm back in the shoulder?

"*A*. Yes, sir.

"*Q*. You understood in May, 1916, you were being paid for the loss of the hand?

"*A*. Yes, sir."

In view of this testimony showing no change in the plaintiff's physical condition, the board was without authority to reopen the case and grant further compensation. It follows that the award must be vacated. Defendants will have costs.

WIEST, C. J., and FELLOWS, CLARK, BIRD, SHARPE, and STEERE, JJ., concurred. MOORE, J., did not sit.