## JAMES GRANEY'S CASE.

Cumberland County. Decided April 7, 1924. In 1922, the petitioner having suffered injury through an industrial accident received by approved agreement certain compensation. He also under a commission decree recovered, and received, during a specified period, other compensation for presumed total disability. After such specified period he filed his petition asking further compensation for continuing incapacity.

An appeal from a decree in his favor was sustained by this court. *Graney's Case*, 121 Maine, 500.

For the same accidental injury, the same petitioner now asks the same compensation that was denied him in 1922.

Res adjudicata is pleaded and is decisive of the case. The subject matter, the parties, the cause of action, the issue and even the evidence are in this case the same as in that previously passed upon.

Counsel for the petitioner strenuously argues that a different cause of action is now presented. But a cause of action is simply a legal right of action. *Anderson* v. *Wetter*, 103 Maine, 266. Obviously the petitioner relies upon the same right of action now as at the first hearing.

The issue too is the same. It is whether the petitioner's case is included in "the following schedule," (Compensation Act, Section 16) and whether after the specified period of presumed total disability his incapacity continued. Section 16. It is not questioned that the subject matter and the parties are the same. A judgment whether right or wrong cannot by a party to it be collaterally impeached. Appeal sustained. Decree reversed. *C. L. & P. E. Donahue*, for plaintiff. *Robert Payson*, for defendants.