THE HARRISBURG COLLIERY COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(J. W. GRIFFIN, Defendant in Error.)

*Opinion filed December 16, 1925.*

WORKMEN'S COMPENSATION—*when award for permanent total incapacity may be given on review notwithstanding a lump settlement.* Where an agreement for a lump sum settlement reserves the right of review, under paragraph (*h*) of section 19 of the Compensation act, for increase or decrease of the disability, an award for permanent total incapacity may be given on such review where the lump sum award was for the permanent loss of the use of a leg, which the employee supposed at that time to be the extent of his injury, and where it is proved by medical testimony on the hearing on review that there was a fracture of certain vertebræ, that the condition of the employee was becoming progressively worse and that he would never be able to do any work at all.

WRIT OF ERROR to the Circuit Court of Saline county; the Hon. A. E. SOMERS, Judge, presiding.

MILEY & COMBE, (R. H. DAVIS, and E. B. SIMPSON, of counsel,) for plaintiff in error.

J. B. LEWIS, for defendant in error.

Mr. JUSTICE STONE delivered the opinion of the court:

This is an application under paragraph (*h*) of section 19 of the Workmen's Compensation act for review of a lump sum settlement made between defendant in error (petitioner) and plaintiff in error. The basis of the petition is that the disability has increased subsequent to the date of the agreement and settlement. The petition prayed that the compensation be re-established or increased.

It appears that on May 20, 1920, the defendant in error sustained an accidental injury while in the employ of plaintiff in error, for which compensation was paid up to Octo-

ber 11, 1922, when a contract for lump sum settlement was entered into, which contract set out that defendant in error had been injured by being caught between the bumpers of two mine cars, resulting in the fracture of the left leg, femur, tibia and a crushing of the pelvis. The settlement as made and approved provided that upon payment of the sum of $1800 over and above the sum of $1638 already received as compensation the parties agreed to waive any and all provisions of the Workmen's Compensation act, including the right of arbitration, and to settle and adjust the claim of defendant in error against the plaintiff in error, and all differences arising out of the cause, under the terms of the Workmen's Compensation act, and it was agreed that upon confirmation of the agreement "the parties hereto be discharged from further liability upon filing proper receipts; provided, however, that this agreement may be reviewed by the Industrial Commission upon petition of either party hereto, as provided by paragraph (*h*) of section 19 of the Workmen's Compensation act."

It appeared on this hearing, from X-ray pictures taken just before the hearing, that there had been no union of the bones of the leg, and that in addition to the fracture of the bones of the leg and the crushing of the pelvis there had been a fracture of the transverse processes of the second and fifth lumbar vertebræ and that there had been no union of these vertebræ. The medical testimony showed that the condition of defendant in error was growing progressively worse. It appears that at the time of the injury the doctors testifying took no X-ray pictures to determine the full extent of it. So far as the examination disclosed at the time of the injury, defendant in error had a fracture of the femur and an injured pelvis. The fracture of the vertebræ was not disclosed until the taking of X-ray pictures a short time before the hearing in the case. Griffin testified that at the time of the injury he had been told by the physician for the company that his leg was broken, and he un-

derstood that he was settling for a broken leg, and that the company doctor told him that his leg would become well; that he was sent to a hospital in St. Louis by the company, where they took X-ray pictures, which he asked to be allowed to see but which were not shown to him; that they told him it was a broken leg; that Dr. Niedringhaus told him that he would recover and that his leg would be all right, but that he has continually grown worse since. No contradiction of his testimony was offered on the part of plaintiff in error. The settlement given Griffin under the lump sum settlement was for 70-4/7 weeks' temporary total disability and 175 weeks' total permanent loss of the use of the left leg. The commission on review found that the injury had recurred and increased since the settlement, and that petitioner was wholly permanently incapable of work and entitled to compensation as provided in paragraph (*f*) of section 8 of the act, and entered an award of $14 per week for a period of 285 weeks and thereafter a pension for life, amounting to $26.67 per month, for the reason that the accidental injuries rendered petitioner wholly and permanently incapable of work. It was ordered that all payments theretofore made by plaintiff in error be credited.

Plaintiff in error contends that because defendant in error was unable to work at the time of the settlement and unable to work at the time of the hearing there had not been an increase of his disability, and that having made this settlement in good faith he should be required to live up to it. It appears from the contract, however, that each party reserved the right of review under paragraph (*h*) of section 19 of the act for increase or decrease of the disability. It also appears from the undisputed testimony of Griffin and medical testimony appearing on the hearing on review that no discovery was made at the time of his injury, so far as he was informed or the witnesses knew, of the fracture of the lumbar vertebræ. It appears that X-ray pictures were taken by representatives of plaintiff in error which must

have disclosed the breach of the vertebræ, but that Griffin was not informed of such condition and did not know of it at the time of the making of the settlement. The settlement contract shows that compensation was paid for permanent loss of the use of a leg and not for permanent total incapacity. The medical testimony, on the hearing, all agreed that the condition of Griffin was becoming progressively worse and that he never would be able to do any work at all. Under these circumstances we are of the opinion that the commission was justified in finding that the injury had increased and in awarding compensation and pension for permanent total disability.

The judgment of the circuit court confirming the award will therefore be affirmed.          *Judgment affirmed.*