MILLER v. KEENE.

MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—ORDER OF
DEPUTY COMMISSIONER UNAPPEALED FROM IS FINAL—SHOWING
OF CHANGED CONDITION NECESSARY TO REOPEN CASE.
  An order of a deputy commissioner, unappealed from, dis-
    continuing compensation, under the workmen's compen-
    sation act, to an injured employee, after a hearing, is
    final, and the department of labor and industry was with-
    out jurisdiction to thereafter reopen the case and award
    further compensation, in the absence of a showing that,
    subsequent to said hearing, the employee's condition had
    changed for the worse.[1]

Certiorari to Department of Labor and Industry.
Submitted October 16, 1925.     (Docket No. 88.)     De-
cided December 22, 1925.

Mike Miller presented his claim for compensation
against John F. Keene for an accidental injury in de-
fendant's employ.     From an order reopening the case
and awarding plaintiff additional compensation, de-
fendant and the General Casualty & Surety Company
bring certiorari.     Reversed, and order vacated.

*Alexander & Ruttle,* for appellants.

*Howard W. Cavanagh,* for appellee.

BIRD, J.     The plaintiff was employed by defendant
Keene driving a team in the city of Battle Creek.     On
December 12, 1923, he fell from the wagon in which
he was riding and suffered a fracture of the os calcis
of his left foot, or, in other words, an injury to his
left heel bone.     An agreement for compensation was
reached by the parties and approved by the depart-

---

[1]Workmen's Compensation Acts, C. J. § 151.

ment of labor and industry, awarding to plaintiff $14 a week. This weekly allowance was paid until June 4, 1924, when defendant filed a petition to have the same discontinued. A hearing followed, and plaintiff appeared by counsel and contested the petition before Deputy Commissioner Ravens. This hearing resulted in an order discontinuing the payments after June 11, 1924, and closing the case. No appeal was taken from this order. On August 23, 1924, plaintiff filed another petition for further compensation. This petition was heard by Deputy Commissioner Beattie. He made an order reopening the case and awarding plaintiff $10.50 a week, on the theory that plaintiff was disabled to the extent of 75 per cent. Defendant appealed from the order, but it was affirmed by the full board. It is from this order that defendant brings certiorari.

The defense interposed by defendant at this hearing was that plaintiff, neither by his petition nor proofs, showed a change in his physical condition since the order was made discontinuing his weekly payments, and, therefore, the order made at that hearing is conclusive of his contention. An examination of the record with reference to this defense shows that no material change was shown in plaintiff's physical condition, unless it shows a slight improvement. Upon the hearing to discontinue the payments plaintiff showed that his physical condition was unimproved, that he was not relieved of his injury, and was still unable to bear weight upon his left foot, and that he is incapacitated by reason of this injury from pursuing his work as a common laborer, in which he was employed at the time of the accident.

Plaintiff's petition to reopen his case shows no material change after the previous hearing, neither do his proofs claim any material change. He showed that he had afterward attempted to work, but was

obliged to abandon it, by reason of his injury.    He then testified:

"*Q.* How was your foot after you did that work?
"*A.* It pained me more.
"*Q.* What did you quit for?
"*A.* Could not stand on my foot.    *    *    *
"*Q.* Is your foot worse now than it was on the 30th of June?
"*A.* Not much difference.    It swells up when I work.    *    *    *
"*Q.* At the last hearing here, June 30th, were you using a crutch or cane that day?
"*A.* Cane.
"*Q.* Are you getting along without a cane now?
"*A.* I go slow and get along without one.
"*Q.* Is your foot getting better?
"*A.* It pains me a lot yet.
"*Q.* Do you think your foot is getting any better?
"*A.* A little bit, not much."

If plaintiff was in the condition he testified he was in at the hearing to discontinue the weekly payments, he should have appealed from the order of the commissioner to the full board.    Taking no appeal, he accepted the decision of the commissioner on his then condition, and is now bound by it.    After the order to discontinue, had he been able to show that his condition had changed for the worse, the board would have had jurisdiction to reconsider his condition.    His failure in this respect deprives him of the right to have his case considered further by the board.    *Burley* v. *Central Paper Co.*, 221 Mich. 595, and cases cited. See, also, *Anderson* v. *Ford Motor Co.*, *ante*, 500.    The order of the commissioner discontinuing the weekly payments is *res adjudicata* on his condition at that time.

The award made by the board will be set aside.

MCDONALD, C. J., and CLARK, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.