## DUNCAN WELDING CO. et al. v. BREWER et al.

No. 22692.  Opinion Filed Feb. 16, 1932.

Rehearing Denied March 29, 1932.

Clayton B. Pierce and Fred M. Mock, for petitioners.

Warren B. Phillips, for respondents.

HEFNER, J. This is an original proceeding in this court by Duncan Welding Company and Maryland Casualty Company, hereinafter called petitioners, to review an award of the Industrial Commission in favor of Joe Brewer.

Claimant received an injury while in the employ of petitioners, and it consisted of a severe strain to his back. The injury occurred October 9, 1930. Thereafter claimant and petitioners entered into a settlement whereby it was agreed that claimant was to receive the sum of $153.90, because of temporary total disability sustained by him because of the injury. The settlement was approved by the Commission on the 2nd day of January, 1931, and this amount was paid to claimant by petitioners. Shortly thereafter claimant secured work from a building contractor and worked 15 days during the months of January and February. In the latter part of February, he quit work and, according to his evidence, did so because he was unable to do the work on account of his injury. On April 1, 1931, he moved to reopen his case on the ground of a change in condition and at this hearing there was some evidence tending to prove that claimant's injury was more severe than at first anticipated and the Commission awarded him additional compensation, and in so doing made, among others, the following finding of fact:

"That in addition to claimant's temporary total disability, claimant is still suffering from said injury, and the Commission is at this time unable to determine the amount of permanent disability the claimant has at this time by reason of said injury."

Upon this finding, claimant was awarded additional compensation by the Commission, because of a temporary total disability, at the rate of $15.39 per week, from the 1st day of April, 1931, to the 27th day of June, 1931, or a total sum of $194.43. It further ordered that compensation continue at the same rate until the further order of the Commission.

Petitioners contend that the award is erroneous because the Commission had no authority to award additional compensation for temporary total disability; after having found that he had sustained a percentage of permanent disability, that the Commission should have determined the extent thereof and awarded compensation accordingly. An award, under circumstances similar to the facts in the case at bar, in some respects, was vacated by this court in the case of Bartlett-Collins Glass Mfg. Co. v. Brotherton, 145 Okla. 284, 292 P. 822.

The award is vacated and the cause remanded for further proceedings not inconsistent with the views herein expressed.

LESTER, C. J., and RILEY, CULLISON, SWINDALL, and ANDREWS, JJ., concur. CLARK, V. C. J., and McNEILL, J., absent. KORNEGAY, J., dissents.