[No. 23577. Department Two. April 18, 1932.]

R. A. SCHMEILING, *Appellant*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent*.[1]

*J. H. Cannon*, for appellant.

*The Attorney General* and *Harry Ellsworth Foster, Assistant*, for respondent.

[1]Reported in 10 P. (2d) 229.

HOLCOMB, J.—Appellant was injured on January 22, 1920, and filed a claim therefor with the industrial insurance commission, which recognized the claim and paid compensation therefor. On November 22, 1921, the claim was formally closed by the department with an award of eighteen degrees permanent partial disability, additional to ten degrees that had been allowed theretofore, after a re-examination of claimant, as permanent partial disability, for which he was paid the statutory allowance of seven hundred dollars.

During the pendency of the claim, several different classifications were made after examinations by the department's medical advisers, and also examinations made by private practitioners. The claim was finally settled on about February 10, 1922. The nature of the injuries received by claimant was technically described by the medical men as a compound comminuted fracture of the right tibia and fibula about four inches above the ankle joint; also, a sprain of his right thumb at the junction of the proximal and distal phalanges, with some other temporary bruises on his body.

After he had been treated at a hospital in Sedro Woolley, and after he had been treated by other medical examiners, he complained of severe swelling and pain in his right leg in the region of the fracture at several times until the latter part of 1921. He complained that the pain in his leg was such that he could not stand on it more than a few minutes at a time, and he considered that it would be necessary for him to have the fractures reset and the bone in the leg cut off and set over again. He was persuaded to have an orthopedic examination by two different specialists in Seattle, who advised against any reoperation, and he had none performed.

Again, on November 3, 1926, he personally applied to the department for further surgical treatment and

relief, and at the direction of the department was examined again by Dr. Goodheart, of Bellingham, who reported that claimant complained of considerable pain, swelling and tenderness in the region of the fracture and in the arch of the foot. Dr. Goodheart reported that there was a limitation of motion of fifteen to twenty per cent which could and would be corrected by use and time; that the swelling was practically gone; that there was a slight eversion in the joint which would also adjust itself, but only through use. It was his opinion that further treatment would be of no avail, and any surgical operation would do more harm than good. In his opinion, there was a permanent partial disability of twenty-five per cent. Further relief was denied by the department on December 3, 1926.

On November 14, 1930, appellant filed a petition for rehearing of his claim before the department, in which he alleged, among other things, that his leg and foot had become a total loss, and that he did not discover that fact until about November 1, 1930.

The department and the joint board thereof both denied him any relief, on the ground that the three-year statute of limitations had run against his claim. Claimant appealed to the superior court for Whatcom county, and the entire record of the department was certified to the superior court. The superior court sustained the action of the department upon the same ground. The entire record is before us on this appeal and has been read.

 It is clear from this record and what has been stated above, that the injuries suffered by appellant were as apparent in November, 1921, and December, 1926, when his petition for further relief was denied by the department, as it was on November 1, 1930. This case is therefore widely different from the cases

of *Stolp v. Department of Labor and Industries,* 138 Wash. 685, 245 Pac. 20, and *Fee v. Department of Labor and Industries,* 151 Wash. 337, 275 Pac. 741.

Those cases both involved progressive and unexpected developments in the results of the injuries, for which claimants could not have been expected to make claim and receive the statutory permanent compensation until the complete results had become manifest; hence, the statutory period of limitation did not commence to run in those cases until the accrual of the cause of action in each.

In the instant case, whatever injuries resulted to claimant were not progressive and constituted no change in his condition.

By the provisions of Laws of 1927, chap. 310, p. 844, § 4, subd. (h) (Rem. 1927 Sup., § 7679), an application by the beneficiary of the act must be made within three years after the establishment or termination of such compensation, or within three years after the taking effect of that act where the compensation had theretofore been established or terminated, from and after the taking effect of the act.

This case is therefore governed by *Mullen v. Department of Labor and Industries,* 157 Wash. 329, 288 Pac. 926, deciding that it was error to reopen a workman's claim for compensation under that statute after the rate of compensation had been established, where there was no change in the claimant's condition, which was substantially the same as before. Compare *Nafus v. Department of Labor and Industries,* 142 Wash. 48, 251 Pac. 877.

The judgment of the trial court was correct, and is affirmed.

TOLMAN, C. J., BEALS, MAIN, and MILLARD, JJ., concur.