## ASSOCIATED INDEMNITY CORP. et al. v. LANDERS et al.

No. 23445. Opinion Filed Oct. 4, 1932.

Hal Crouch and Philip N. Landa, for petitioners.

Arnold T. Fleig and L. B. Godwin, for respondents.

ANDREWS, J. This is an original pro-

ceeding in this court instituted by the respondent and its insurance carrier to review an award of the State Industrial Commission in favor of the claimant therein. The parties hereinafter will be referred to as petitioners and claimant.

The claimant was employed in Elkhart, Kan., as a lineman to do work in Oklahoma, the place of his residence. The employer is an Oklahoma corporation doing business in Oklahoma. All of the work that the claimant did for the employer was done in Oklahoma.

The employer carried compensation insurance with the insurance carrier herein to cover all contracts of employment in Oklahoma and with the Maryland Casualty Company to cover all contracts of employment in Kansas. The claimant testified that he did not know who carried the insurance in Kansas for the employer.

The employer's foreman sent a report of the injury to the Maryland Casualty Company and filed a report of the initial compensation with the Workmen's Compensation Department in Kansas. The Maryland Casualty Company forwarded a check for compensation to one Victor Shawgo, who gave the same to the claimant. The claimant testified that at the time he received the check he had no knowledge that the Maryland Casualty Company carried insurance for the employer only in Kansas. The claimant cashed the check. He testified that he thought at the time that he would be paid in Oklahoma. Thereafter the claimant engaged the services of an attorney, who ascertained that the Maryland Casualty Company did not carry insurance for the employer in Oklahoma. The attorney notified the Maryland Casualty Company, the insurance carrier herein, and the State Industrial Commission that a claim would be filed in Oklahoma and that the money had been received under a mistake of fact. A check for the money received from the Maryland Casualty Company was deposited with the State Industrial Commission.

At the conclusion of the evidence before the State Industrial Commission, the petitioners filed their demurrer to the evidence upon the grounds that the claimant was employed in the state of Kansas, in which state the compensation law is extraterritorial in its scope, and that the claimant had been paid compensation by the Maryland Casualty Company, under the Kansas law. That demurrer was overruled.

The State Industrial Commission made an

award for temporary total disability. It found that it was too early to determine the amount of permanent partial disability, if any, and ordered compensation continued until otherwise ordered by the Commission.

The petitioners contend that since the contract of employment was made in Kansas and since the Kansas Compensation Act has extraterritorial scope, the State Industrial Commission was without jurisdiction to make an award.

Jurisdiction of the State Industrial Commission is not dependent upon where the contract of employment was made or the place of residence of the injured employee. Under the provisions of the Workmen's Compensation Act, the State Industrial Commission has jurisdiction when the injury occurs within the state of Oklahoma, and the compensation to be awarded is that provided by the provisions of the Workmen's Compensation Act, and not that provided by the provisions of the Workmen's Compensation Act of some other state.

The petitioners contend that the claimant, having made an election to receive compensation under the Kansas Compensation Act, could not proceed under the Workmen's Compensation Act of Oklahoma. The record does not support that contention, for there was a want of one of the requisite elements of election of remedies, to wit, knowledge on the part of the claimant. From the record it appears that the claimant did not file a claim under the Kansas Compensation Act, and that when he received the check from the Maryland Casualty Company he received it without knowledge of the fact that it was being paid pursuant to the Kansas Compensation Act rather than under the Workmen's Compensation Act of Oklahoma. He made a prompt tender of the money so received to the State Industrial Commission. See Freeland v. Dolen, 84 Okla. 286, 203 P. 182, and Marland Refining Co. v. McClung, 102 Okla. 56, 226 P. 312.

The petitioners contend that, since it was established that the claimant sustained a percentage of permanent disability, the State Industrial Commission was without authority to award further compensation for temporary total disability. They cite Duncan Welding Co. v. Brewer, 156 Okla. 42, 9 P. (2d) 702. The decision in that case is not applicable to the facts shown by the record in this case, for herein the State Industrial Commission found:

"That by reason of said accidental injury the claimant has been temporarily totally disabled from the performance of ordinary manual labor from July 4, 1931, to this date, and is now temporarily totally disabled from the performance of ordinary manual labor, and it is now too early to determine the permanent partial disability, if any."

The finding by the Commission that it was "too early to determine the permanent partial disability, if any," was a finding of fact from the testimony produced, and we think that that finding is sufficiently supported by the evidence.

We find no cause for disturbing the award made by the State Industrial Commission, and the petition to vacate the same is, therefore, denied.

CLARK, V. C. J., and CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., and RILEY and HEFNER, JJ., absent.

Note.—See under (1) annotation in L. R. A. 1916A, 443; 28 R. C. L. 726; R. C. L. Perm. Supp. p. 6191. (2) annotation in L. R. A. 1916A, 444; L. R. A. 1917D, 84; 3 A. L. R. 1359; 18 A. L. R. 294; 59 A. L. R. 738; 28 R. C. L. 724, 725; R. C. L. Perm. Supp. p. 6191. (5) annotation in L. R. A. 1916A, 266; L. R. A. 1917D, 186; 28 R. C. L. 812, 828, 829; R. C. L. Perm. Supp. p. 6254; R. C. L. Pocket Part, title "Workmen's Compensation," § 116.