(No. 5889. December 16, 1932.)

DAN HUSTEAD, Employee, Respondent, v. H. E. BROWN TIMBER COMPANY, Employer, and UNITED STATES FIDELITY AND GUARANTY COMPANY, Surety, Appellants.

[17 Pac. (2d) 927.]

N. D. Wernette, for Appellants.

Myrvin Davis, for Respondent.

LEEPER, J.—The respondent, Dan Hustead, was employed by the H. E. Brown Timber Company, and on the seventh day of April, 1930, sustained an injury by accident arising out of and in the course of his employment from which he was totally and permanently disabled. Shortly after the injury, notice of injury and claim for compensation were filed with the Industrial Accident Board. Subsequently an employer's supplemental report, subscribed to by Hustead, was filed with the board to the effect that he had returned to his work and was fully recovered on April 28th. Thereafter, on June 10th, the board entered what is termed by the statute a summary and award, based upon the facts as shown by the record, awarding Hustead compensation in the sum of $40, which he accepted. Nothing further was done by the board until the procedure hereinafter referred to was taken.

In this original proceeding the proof with reference to the character of the injury seems to have been decidedly casual. In the notice of injury the claimant only stated that he would be disabled for more than a week. In both the preliminary and final physician's reports the answer to the form question, "Has the injury resulted in a permanent disability?" was "No." The physician further stated that the disability was likely to last three weeks and that claimant was able to do his regular work on April 28th. In the employer's supplemental report it was stated that claimant had returned to work on the 28th. This is the only evidence upon which the summary and award of June 10th was based. It appears from evidence adduced in later proceedings, and it is conceded by appellants, that claimant was totally and permanently injured by the accident, and that the finding in the summary and award that the injury was a muscular sprain only and that the employee was disabled for only two weeks and four days is contrary to the facts. It is to be noted that claimant did not participate in these proceedings other than to sign the notice of injury and the employer's supplemental report. The record indicates that he was not aware of the extremely serious nature of his injury (sprain of the sacroiliac joint) at the time of filing notice or of the employer's report. He, of course, had nothing to do with the final entry of the summary and award.

On June 4, 1931, the claimant filed an entirely new application before the Industrial Accident Board, wherein he sought compensation for his total and permanent disability. After a hearing the board awarded him relief as prayed for, and the company took an appeal to the district court. The action of the board was reversed by the district court upon the sole ground that the board had no jurisdiction to entertain a new application. In other words, the court held that, inasmuch as a summary and award had been entered in the prior proceeding, the matter was adjudicated except in so far as a modification might be had by proceeding for a revision under I. C. A., sec. 43-1407, on account of change of

condition. Manifestly Judge Hunt was correct in this position, and the claimant acquiesced therein by not further pursuing that action. He promptly, however, filed a petition before the Industrial Accident Board asking that the case be reopened on account of change in condition, which is the basis of the proceedings now before us. To this petition appellants filed answer, denying the allegations of the petition, and setting up as an affirmative defense the plea of *res judicata*, i. e., the judgment of Judge Hunt dated October 9, 1931. The board found that there had been a change of condition and awarded full compensation as for a total and permanent disability. From this award the company appealed and said award was sustained by the district court. From that decision appellants have appealed.

There are two points to be considered: (1) Was the plea of *res judicata* improperly overruled? (2) Was there any such change of condition as to permit claimant to reopen the case under the provisions of I. C. A., sec. 43-1407?

As to the plea of *res judicata* advanced by appellants, we are of the opinion that it is not well founded. The judgment entered by Judge Hunt on October 9, 1931, did not purport to decide the facts relative to the disability. It was based entirely upon the lack of jurisdiction in the board to entertain a new and separate proceeding, and had without reference to the original proceeding in which a summary and award had been entered. An examination of the record in that case indicates that this question was controlling; it was raised by the answer; it was specified as one of the grounds of appeal. In disposing of the matter Judge Hunt specially stated in his memorandum opinion, "That the award and/or the agreement is subject to modification there is no dispute but it must be brought to a hearing upon a petition showing a change in condition and the procedure in such cases is laid down by statute." In finding No. 4 the court stated:

"That said Industrial Accident Board had no jurisdiction under said petition to have a hearing or to make the findings of fact, rulings of law, order and/or award made

herein, and said findings of fact, rulings of law, order and/or award, are of no force and effect for want of jurisdiction to make the same," and hence concluded as a matter of law: "That the findings of fact, rulings of law, order and/or award made by the Industrial Accident Board, dated the 8th day of August, 1931, are of no force and effect, and the Industrial Accident Board of the State of Idaho had no jurisdiction to make the same."

The judgment reads as follows:

"That the findings of fact, rulings of law and order and/or award, made herein by the Industrial Accident Board of the State of Idaho, dated the 8th day of August, 1931, be and the same are hereby declared of no force and effect, null and void and not binding on the defendants or either of them herein.

"That the said Industrial Accident Board had no jurisdiction to make said findings of fact, rulings of law and order and/or award, and said proceedings be and the same are hereby dismissed."

It is entirely clear that the court passed upon none other than the jurisdictional question, hence that decision cannot be considered as having adjudicated the merits of the controversy in favor of appellants. The rule is substantially without dispute in any jurisdiction, and is thus stated in 34 C. J. 795, sec. 1214:

"While a dismissal of an action on the sole ground that the court has no jurisdiction of the subject matter of the suit or of the parties is a conclusive determination of the fact that the court lacks jurisdiction, it is no adjudication of the merits and will not bar another action for the same cause; . . . . "

It has been approved by this court in *City of Pocatello v. Murray*, 21 Ida. 180, 120 Pac. 812, affirmed in the Supreme Court of the United States in 226 U. S. 318, 33 Sup. Ct. 107, 57 L. ed. 239. Under the rule announced in the latter case, even if the court had attempted to decide these matters, and was without jurisdiction, the decision would not be *res judicata*.

■ This proceeding is strictly in accord with the statute (I. C. A., sec. 43-1407) and is based upon a change of condition. It is conceded that Hustead is permanently and totally disabled on account of his injury. Upon examination he testified that when he signed the employer's final report he thought that he was able to go back to work, and accepted the award of $40 in the belief; that he thereafter tried to work but was never able to do so; that he has never done a day's work since his injury. The only conclusion to be drawn from the record is that all parties were honestly mistaken as to the nature and extent of the injury at the time of the award. The precise question is whether or not this permanent and total disability, subsequently discovered, is a change of condition sufficient to authorize the invoking of relief under I. C. A., sec. 43-1407. Appellants contend to the contrary, urging that the summary and award and the consequent acceptance of benefits by claimant is a final and binding settlement of the controversy which cannot be set aside even though entered into by mistake or ignorance on the part of the claimant as to his true condition. Conceding appellants' contention that there was an agreement and that a summary and award was duly entered, we find the law to be otherwise than as suggested by them.

It was the clear intent of I. C. A., sec. 43-1407, that awards should not be final adjudications as to the degree of injury sustained, and they are subject to being reopened for change of condition. Courts of last resort in other jurisdictions have repeatedly construed identical or similar statutes contrary to the contention of appellants. Thus, the supreme court of California has said:

"It was held in the case of *Hutchinson Lumber Co. v. Ind. Acc. Comm.*, 77 Cal. App. 141, 246 Pac. 118; *General Accident, etc., Corp. v. Ind. Acc. Comm.*, 77 Cal. App. 314, 246 Pac. 570; and *Ocean A. & G. Corp., Ltd., v. Industrial Acc. Comm.*, 90 Cal. App. 725, 266 Pac. 556, that a permanent disability is a new and further disability within the provisions of the Workmen's Compensation Act. We are in full accord with this conclusion of the District Courts of

Appeal. Many times the seriousness of the injury is not at first apparent, and from its very nature cannot be detected until considerable time has elapsed after its infliction. The clear intent of the statute in such cases is that the injured employee shall be entitled to compensation for his permanent disability notwithstanding the fact that he may in the early stages of his injury have been granted an award only for temporary disability, or may have been paid compensation voluntarily by his employer; provided, of course, that proceedings for the collection of such permanent disability shall have been commenced within two hundred and forty-five weeks after the date of the original injury.'' (*Henry Cowell L. & C. Co. v. State Industrial Acc. Com.*, 211 Cal. 154, 294 Pac. 703, 72 A. L. R. 1118.)

Other cases upholding a similar construction are: *Lane & Wasson Co. v. Wright,* 126 Okl. 53, 258 Pac. 728; *Hutchinson Lumber Co. v. Industrial Acc. Com.,* 77 Cal. App. 141, 246 Pac. 118; *General Acc., Fire & Life Assur. Corp. v. Industrial Acc. Com.,* 77 Cal. App. 314, 246 Pac. 570; *Hindes v. Industrial Acc. Com.,* 73 Cal. App. 726, 239 Pac. 339; *Maryland Production Co. v. Hogan,* 146 Okl. 220, 294 Pac. 115; *Noel v. Kozak,* 148 Okl. 210, 298 Pac. 298; *White Oak Refining Co. v. Whitehead,* 149 Okl. 297, 298 Pac. 611; *Amerada Petroleum Corp. v. Williams,* 134 Okl. 177, 272 Pac. 828; *Industrial Tract Construction Co. v. Colthrop,* 132 Okl. 77, 269 Pac. 263. The above-cited cases are representative of the weight of authority,[1] although

[1] *Orinda Properties Co. v. Industrial Acc. Com.,* 86 Cal. App. 1, 260 Pac. 375; *Union Lumber Co. v. Industrial Acc. Com.,* 124 Cal. App. 584, 12 Pac. (2d) 1047; *Industrial Com. v. State Ins. Compensation Fund,* 71 Colo. 106, 203 Pac. 215; *General Acc., Fire & Life Assur. Corp. v. Beatty,* 45 Ga. App. 104, 163 S. E. 302; *Fair v. Hartford Rubber Works Co.,* 95 Conn. 350, 111 Atl. 193; *Ellsworth v. Industrial Com.,* 290 Ill. 514, 125 N. E. 246; *Harrisburg Colliery Co. v. Industrial Com.,* 319 Ill. 291, 149 N. E. 745; *Fort Branch Coal Min. Co. v. Farley,* 76 Ind. App. 37, 130 N. E. 132, 131 N. E. 228; *Ray's Case,* 122 Me. 108, 119 Atl. 191, 33 A. L. R. 112; *Collins v. Casualty Reciprocal Exchange,* 123 Neb. 227, 242 N. W. 457; *Metcalf v. Firth Carpet Co.,* 196 App. Div. 790, 188 N. Y. Supp. 448; *Hughes Motor Co. v. Thomas,* 149

we are aware that there is respectable authority to the contrary.[2]

 This court has repeatedly held that the Workmen's Compensation Act is to be liberally construed, and to uphold appellants' views would do marked violence to that principle of interpretation. When an award has been made on the theory that the injury was temporary, and it later transpires that it is in fact permanent, there is a sufficient showing of change in condition to warrant reopening of the case.

Okl. 16, 299 Pac. 176; *Oklahoma Nat. Gas Corp. v. Ford*, 150 Okl. 83, 300 Pac. 753; *Underwriters' Land Co. v. Dirst*, 152 Okl. 286, 4 Pac. (2d) 1015; *Skelly Oil Co. v. Standley*, 148 Okl. 77, 297 Pac. 235; *Patterson Steel Co. v. Bailey*, 148 Okl. 153, 298 Pac. 282; *Loffland Bros. Drilling Co. v. State Ind. Commr.*, 157 Okl. 78, 10 Pac. (2d) 1096; *Geis Price Grain Co. v. Bailey*, 155 Okl. 302, 9 Pac. (2d) 424, 425; *Peter Adamson Coal & Min. Co. v. Pringle*, 155 Okl. 122, 8 Pac. (2d) 51; *Reinhart & Donovan v. Roberts*, 157 Okl. 102, 11 Pac. (2d) 125; *Oil State Supply Co. v. Rotman*, (Okl.) 15 Pac. (2d) 33; *Burleson & Pack v. Shotwell*, (Okl.) 14 Pac. (2d) 233; *Duncan Welding Co. v. Brewer*, 156 Okl. 42, 9 Pac. (2d) 702; *Stinger v. Rinold Bros.*, 80 Pa. Super. Ct. 420; *Spence v. State Compensation Com.*, 110 W. Va. 162, 157 S. E. 164; *Kincannon v. State Compensation Com.*, 107 W. Va. 533, 149 S. E. 665; *Martin v. State Compensation Com.*, (W. Va.) 162 S. E. 486.

2 *Simpson Constr. Co. v. Industrial Board*, 275 Ill. 366, 114 N. E. 138; *Bloomington, D. & C. Ry. Co. v. Industrial Board*, 276 Ill. 120, 114 N. E. 511; *Franklin County Min. Co. v. Industrial Com.*, 322 Ill. 555, 153 N. E. 608; *Belleville B. & T. Co. v. Industrial Com.*, 305 Ill. 577, 137 N. E. 401; *American Oil & Refining Co. v. Kincannon*, 154 Okl. 129, 3 Pac. (2d) 877; *Independence Indem. Co. v. White*, (Tex. Com. App.) 27 S. W. (2d) 529; *Pedlow v. Swartz Electric Co.*, 68 Ind. App. 400, 120 N. E. 603; *Burley v. Central Paper Co.*, 221 Mich. 595, 192 N. W. 538; *Miller v. Keene*, 232 Mich. 596, 206 N. W. 524; *Graney's Case*, 123 Me. 571, 124 Atl. 204; *Hartford Hosiery Mills v. Jernigan*, 149 Tenn. 241, 259 S. W. 546; *Interstate Telephone Co. v. Holt*, 45 Ga. App. 85, 163 S. E. 234; *Schmelling v. Dept. of Labor & Industries*, 167 Wash. 692, 10 Pac. (2d) 229; *Dobey v. Miami Trust Co.*, (Ariz.) 14 Pac. (2d) 476; *State v. Industrial Com. of Ohio*, 125 Ohio St. 27, 180 N. E. 376; *Sei v. A. Guthrie & Co.*, (Mo.) 50 S. W. (2d) 664; *Degidio v. Industrial Acc. Com.*, 105 Or. 642, 207 Pac. 176.

The judgment is affirmed. Costs are awarded to respondent.

Lee, C. J., and Budge, Givens and Varian, JJ., concur.

ON PETITION FOR REHEARING.

(January 23, 1933.)

MORGAN, J.—■ Appellants have filed a petition for rehearing herein asserting: 1. That this court has erred in holding the defense of *res judicata* was not available to them; 2. That there was no such change in respondent's condition, after the summary and award of June 10, 1930, as is contemplated by Idaho Code Annotated, section 43–1407.

We do not believe the rule relative to *res judicata,* applicable to this case, can be more clearly stated than has been done by the late Justice Leeper in the opinion complained of.

This court does not desire to be understood as passing upon the question as to whether the Industrial Accident Board has jurisdiction to relieve parties from the consequences of such a mistake as appears to have occurred in this case, in the absence of a change in the condition of the claimant as contemplated by Idaho Code Annotated, section 43–1407. The decision is based upon the fact that subsequent to June 10, 1930, when the employer's supplemental report, concurred in by respondent, to the effect that he had recovered his earning capacity and returned to work was approved, a change in this condition occurred as contemplated by said section.

While it is apparent a mistake of fact was made in the employer's report, concurred in by respondent as aforesaid, in the petition to reopen the case, subsequently filed, a change in his condition was alleged. Testimony sufficient to sustain this allegation was introduced in support of it, and the board found:

"That since the 10th day of June, 1930, claimant's disability as the result of said accident and injury has increased."

Upon that point the district court, reviewing the action of the board, found the same fact in the same language.

These findings justify the award by the board and the decree of the court affirming it. It is upon these facts so established and found that the decision of this court is based.

Petition for rehearing denied.

Budge, C. J., and Givens and Holden, JJ., concur.