■ In the Matter of the Claim of DAVE GLUCK, Respondent, v. GRADE A FOODS CORPORATION et al., Respondents, and SPECIAL FUND FOR REOPENED CASES, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the Special Fund for Reopened Cases (Workmen's Compensation Law, § 25-a) from a decision of the Workmen's Compensation Board holding the Special Fund was not entitled to credit on the present award for a $1,950 lump-sum settlement previously awarded to claimant. In 1943 claimant suffered a knee injury. In 1947 a lump-sum settlement in the amount of $1,950 was approved by the board and paid by the carrier and the case closed. In October, 1959 an application was filed indicating claimant required hospitalization due to an exacerbation of his left knee condition. Causal relationship is not disputed nor is the question of the Fund's responsibility for the award in view of *Matter of Dumelle* v. *Town of Brookhaven* (13 A D 2d 878, affd. 11 N Y 2d 842). The sole question is whether the Fund should receive a credit against the award for the $1,950 lump-sum settlement made over 12 years prior to the reopening of the case. It is clear that to the extent a lump-sum award has not been exhausted by subsequent reduced earnings the employer or carrier would receive a credit against an award made upon the reopening of a claim (*Matter of Cretella* v. *New York Dock Co.*, 289 N. Y. 254, mot. for rearg. den. 289 N. Y. 848; *Matter of Metcalf* v. *Firth Carpet Co.*, 196 App. Div. 790). In the instant case, however, the record reveals that when the lump-sum award of $1,950 was made a definite reduced earning capacity was found to exist and that the award itself was specifically allocated at $10 a week over 195 weeks in accordance with such reduced earning capacity. No objection was taken to the finding of reduced earning capacity or to the allo-

cation and nothing in the record shows a subsequent actual earning which would avoid the consumption of the lump sum; and accordingly the board could properly find the lump-sum settlement was expended. Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Bergan, P. J., Gibson, Herlihy, Reynolds and Taylor, JJ.