## In re Holland.

[No. 10,754. Filed February 18, 1920.]

1. MASTER AND SERVANT.—*Workmen's Compensation Act.—Industrial Board.—Jurisdiction.*—Under §45 of the Workmen's Compensation Act, §8020c2 Burns' Supp. 1918, as amended by Acts 1919 p. 158, the Industrial Board has a continuing jurisdiction over cases coming before it, where awards are made, and it is expressly authorized, where change in conditions is shown, to end, lessen, continue or extend the payments previously awarded. p. 591.

2. MASTER AND SERVANT.—*Workmen's Compensation Act.—Award. —Application for Review.—Receipt in Full.—Effect.*—Where the Industrial Board made an order for the payment of an award in a lump sum, which the employer paid to the injured employe in cash, the fact that the employe gave a receipt therefor or reciting that he received such sum "in full satisfaction and discharge of all liability of the employer to me" did not affect the right of the Industrial Board to allow additional compensation on account of a change of conditions, in view of §15 of the Workmen's Compensation Act (Acts 1915 p. 392, §8020l Burns' Supp. 1918, as amended, Acts 1919 p. 158) providing that no contract or agreement, written or implied, shall in any manner operate to relieve any employer of any obligation created by the act. p. 593.

3. MASTER AND SERVANT.—*Workmen's Compensation Act.—Award. —Payment in Lump Sum.—Liability for Additional Compensation.—Change in Conditions.*—The approval by the Industrial Board of a lump-sum agreement in settlement of an award, and the payment of such sum did not have the effect of extinguishing compensation liability of the employer arising from a change

in conditions on account of the original injury occurring subsequently to such approval. p. 594.

From the Industrial Board of Indiana.

Proceedings under the Workmen's Compensation Act in the matter of one John Holland. Certified questions of law by the Industrial Board. *Questions answered.*

BATMAN, J.—The Industrial Board has certified the following statement of facts to this court:

"On November 20, 1918, one John Holland was in the employment of the Prairie Plow Company at an average weekly wage of $24.00; that on said date while engaged in the discharge of the duties of his employment, the said John Holland received a personal injury by an accident arising out of and in the course of his employment, of which the employer had actual knowledge at the time; that said injury resulted in the loss by amputation of the right hand at the wrist joint; that on December 3, 1918, said John Holland and his employer executed a compensation agreement, which provided that the employer should pay him 150 weeks' compensation at the rate of $13.20 per week, beginning on November 20, 1918, for the loss of his right hand by separation; that said agreement was filed with and approved by the Industrial Board of Indiana; that under said agreement the employer paid to the said John Holland 26 weeks' compensation at the rate of $13.20 per week, paying the compensation up until and including May 21, 1919; that on May 26, 1919, the said John Holland and his employer filed with the Industrial Board of Indiana an agreement providing that the commutable value of the remaining 124 weeks of his compensa-

tion, on the approval of the Industrial Board, should
be paid in cash in a lump sum; that as reasons justi-
fying the approval of said agreement it was stated
therein that the said John Holland owned a residence
property, upon which there was a mortgage incum-
brance of $1,000.00 past due; that since receiving his
injury his wife had died and that the expenses of
her last sickness and burial amounted to $500.00,
which was unpaid; that on said date the Industrial
Board approved said agreement and fixed the com-
mutable value of the 124 weeks' compensation at
$1,580.00, and made an order directing the employer
to pay it to the said John Holland in cash in a lump
sum; that on June 5, 1919, the employer paid said
sum of $1,580.00 to the said John Holland in cash in
a lump sum and took his receipt therefor, reciting
that said sum was received by the said John Holland
'in full satisfaction and discharge of all liability of
the employer to me by reason of the injury of Novem-
ber 20, 1918'; that on August 4, 1919, by reason of
conditions developing after May 26, 1919, and grow-
ing out of the injury of November 20, 1918, the plain-
tiff's right arm was amputated two inches below the
shoulder joint; that on September 25, 1919, said John
Holland filed with the Industrial Board of Indiana
his petition to review on account of a change in con-
ditions, and therein setting up the facts relative to
the amputation of his arm on August 4, 1919. Said
John Holland claims that by reason of the amputa-
tion of his arm on August 4, 1919, above the elbow
joint, he is entitled to an additional 50 weeks' com-
pensation. The employer contends that the said John
Holland is not entitled to any additional compensa-
tion whatever; that the approval of the lump sum

agreement of May 26, 1919, by the Industrial Board of Indiana, and the payment on June 5, 1919, of the $1,580.00, fixed by said board as the commutable value of the unpaid 124 weeks' compensation, completely terminates and extinguishes all compensation rights of the said John Holland growing out of the injury of November 20, 1918. Upon the other hand, John Holland contends that the approval of said agreement and the payment of the lump sum fixed by the Industrial Board has no effect in the way of discharging any compensation liability on account of the change in conditions subsequent to the approval of said lump sum agreement.''

Upon the foregoing facts the Industrial Board, by virtue of §61 of the Workmen's Compensation Act (§80201 *et seq.* Burns' Supp. 1918, Acts 1915 p. 392, as amended, Acts 1917 p. 154), has submitted the following questions of law for our determination: ''(1) Is John Holland entitled to an award of 50 weeks' additional compensation? (2) Did the approval of the lump sum agreement of May 26, 1919, and the payment of the sum fixed by the Industrial Board, have the effect of extinguishing the compensation liability of the employer arising from a change in conditions on account of the original injury taking place after said date?''

If no part of the compensation due the injured employe had been paid in a lump sum, in pursuance to the order of the Industrial Board, made by virtue of §43 of the Workmen's Compensation Act, *supra,* it is obvious that, under the facts stated, the board would have had the right, by virtue of the provisions of §45 of said act, to continue the payment of the installments specified in the original

compensation agreement. The question arises, Did the fact that a portion of such compensation was paid in a lump sum, in pursuance of an order of the board, affect its right or duty in that regard? By reference to said §43 it will be observed that the payment of compensation in a lump sum is for the redemption, in whole or in part, of certain future installments thereof. The amount of such lump sum is not to be determined arbitrarily, but it is to be "the commutable value of the installments to be redeemed." It thus appears that the payment of such lump sum, when permitted by the board, is simply the payment of such future installments by the payment of their commutable value in cash. Said §45 provides in part as follows: "The power and jurisdiction of the Industrial Board over each case shall be continuing, and, from time to time, it may, upon its own motion or upon the application of either party, on account of a change in conditions, make such modification or change in the award ending, lessening, continuing, or extending the payments, previously awarded, either by agreement or upon hearing, as it may deem just, subject to the maximum and minimum provided for in this act." As amended, Acts 1919 p. 158.

It thus appears that the Industrial Board has a continuing jurisdiction over the cases that come before it where awards are made, and it is given express authority, where change in conditions is shown, to end, lessen, continue or extend the payments previously awarded. This provision manifestly applies where an award is payable in installments, and we see no good reason for not applying it where such installments have been paid in a lump sum by authority of the board. The language of the statute does not preclude it, and there appears to be sufficient

grounds for construing it so as to give it that effect. To make the provision of the statute quoted apply in either case would seem to be in harmony with the spirit and purpose of the act, and appeals to our sense of justice.

We note that after the Industrial Board had made the order for the payment of the $1,580 in a lump sum the employer paid the employe said amount in cash, and took his receipt therefor, reciting that said sum was received "in full satisfaction and discharge of all liability of the employer to me by reason of the injury of November 20, 1918." However, we do not attach any significance to such recital, as it is expressly provided in §15 of the Workmen's Compensation Act (as amended, Acts 1919 p. 158) that: "No contract or agreement, written or implied, no rule, regulation or other device, shall in any manner operate to relieve any employer in whole or in part of any obligation created by this act." The conclusion we have reached finds support in the decisions of the Supreme Court of Illinois where a workmen's compensation statute is in force with similar provisions for the payment of compensation in a lump sum, and for reviewing an award on a change in condition. *Peoria R. Co.* v. *Industrial Comm.* (1919), 290 Ill. 177, 125 N. E. 1; *Ellsworth* v. *Industrial Comm.* (1919), 290 Ill. 514, 125 N. E. 246; *Tribune Co.* v. *Industrial Comm.* (1919), 290 Ill. 402, 125 N. E. 351. We are not unmindful that the Supreme Judicial Court of Massachusetts, in considering the effect of a lump-sum payment, under the provisions of a statute somewhat similar in that regard, has reached a contrary conclusion. *McCarthy's Case* (1917), 226 Mass. 444, 115 N. E. 764. However, we believe that the con-

clusion there announced is not supported by the better reason.

It appears that the injury under consideration first resulted in the amputation of the employe's right hand at the wrist, and that·an agreement for 3. the payment of compensation therefor for 150 weeks was approved by the Industrial Board. This is the period fixed by §31 of the Workmen's Compensation Act then in force for an injury so resulting. It further appears that by reason of a change in conditions, developing after the order made by the board for the payment of the remaining installments in a lump sum, and growing out of the original injury, the employe's right arm was amputated two inches below the shoulder. Under the provisions of said §31 this fact entitled the employe to compensation for 200 weeks, or fifty weeks in addition to the period specified in the original compensation agreement.

We therefore answer the first question submitted in the affirmative, and the second question in the negative.