[S. F. No. 12705. In Bank.—April 20, 1928.]

UNITED STATES FIDELITY AND GUARANTY COMPANY (a Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION OF CALIFORNIA and THOMAS FRAZIER, Respondents.

H. W. B. Smith, R. P. Wisecarver, and Redman & Alexander for Petitioner.

G. C. Faulkner for Respondents.

SEAWELL, J.—On November 30, 1923, Thomas Frazier, while engaged as a miner in the employ of Visalia Masonic Mining Company, operating in Mono County, this state, suffered injuries from a blast unintentionally set off, which resulted in the permanent destruction of the sight of his right eye and a sixty per cent loss of hearing of the right ear. Said Frazier had, about 35 years prior to sustaining the injuries above mentioned, suffered the loss of the sight of his left eye and a slight impairment of the hearing of his left ear. By the accident of November 30, 1923, he was rendered totally blind and his hearing was impaired by the double injuries thus sustained.

Petitioner, insurance carrier of the employer of said Frazier, assumed liability for compensation on the basis of the loss of the sight of one eye and not for total blindness, and for medical attention. Compensation payments were made at the maximum rate for such injuries, to wit, $20.83 per week. The record of the proceedings is meager, due largely to the informality with which such proceedings are conducted. It appears from the record that on February 1, 1924, Dr. Victor d'Ercole, the attending physician of said injured employee, forwarded to the rating department of the Commission a report of the injuries which said employee had sustained and a report on his general physical condition. The petitioner alleges that Frazier requested permanent disability rating by the rating department of the Commission and said medical report was filed with his petition or request for said rating. We find no such request in the record, and whether said request was made by him orally or in writing or by his employer is not made certain. The report was made upon a form blank adopted by the Commission. The report filed with the rating department contained the information that said employee had previously suffered the loss of the sight of the left eye, and that the vision of the right eye was probably destroyed.

On December 5, 1924, the injured employee, Frazier, and petitioner, United States Fidelity and Guaranty Company,

agreed to a commutation of the compensation under the Workmen's Compensation Act (sec. 28 [Deering's Gen. Laws 1923, Act 4749]), payable in a lump sum, and requested the approval of the Commission of said agreement. The injury was stated to consist of "loss of sight of right eye; 60% loss of hearing of right ear. Rated 122 weeks. The disability is permanent partial. . . . The present value of the final 38 weekly payments commuted at 6% as of December 5, 1924, is $748.00." No mention was made in the commutation agreement that the latest injury left the employee totally sightless. On the day the agreement was signed by said Frazier and petitioner, W. P. Ratliff, secretary of the Commission, certified the approval of said agreement by said Commission. The petitioner herein alleges that on April 14, 1924, the final rating of said Frazier's disabilities was made by the rating department of said Commission for the loss of sight of the right eye and a sixty per cent loss of hearing of the right ear, amounting to 122 weeks of disability payments at $20.83 per week. This rating by the department, it is alleged, was advisory merely. Respondent Commission and Frazier claim that whatever rating was made by the rating department was informal and was made without consideration of all the facts, and especially the fact that Frazier was rendered totally blind by the latest injury, and that the Commission was empowered to make an award commensurate with the injuries actually suffered.

The next proceedings had in the matter consisted of an application made on behalf of Frazier for the adjustment of his claim for compensation. This application was heard, all parties appearing, and the award following it was made July 14, 1927. The Commission found that the claim was not barred by the provisions of section 11, Workmen's Compensation Act; that the order made by the Commission on December 5, 1924, approving the commutation and payment in a lump sum of the present value of the final 38 installments of disability indemnity due under a permanent disability rating as theretofore made had been informally made; that said agreement was not an agreement of compromise and release, and the order of said Commission was not an order approving an agreement of compromise and release as defined and provided in section 27 of the Work-

men's Compensation Act; that said order and the payment of the commuted lump sum did not deprive the Commission of jurisdiction to render an award in the pending matter. The Commission then proceeded to find that said Frazier suffered a permanent disability consisting of the loss of the sight of his right eye, resulting from a previous injury, and constituting total disability. The percentage of permanent disability was rated at one hundred per cent, entitling said Frazier to $20.83 per week for 240 weeks and thereafter the weekly sum of $12.82 for the remainder of his life. The petitioner was given credit for the payment of 122 installments of indemnity at the rate of $20.83, a total of $2,541.-26. An award of $20.83 a week was made commencing December 8, 1923, for 240 weeks, less said credit of $2,541.26 and less $50 attorney's fees. At the expiration of said 240 weeks the allowance was to be reduced to $12.82 and continue at that rate during the remainder of said Frazier's life. All payments awarded were charged with interest at the rate of seven per cent per annum until paid, beginning with the date of the award, etc.

■ The award of July 14, 1927, which was the first finding or formal award made by the Commission in the entire proceeding, is attacked, first, on the ground that the Commission having acted with full knowledge of the facts cannot change its formal order of December 5, 1924, without a showing that a change of circumstances has arisen since the order determining the amount of permanent disability to which the employee Frazier was entitled was made. It is contended that the rating of 122 weeks, although informally made by the permanent disability department, was officially recognized by the Commission by its order approving the agreement of commutation entered into by Frazier and petitioner, and said action amounts to an official issuance of said rating by the Commission and is binding upon the parties to said agreement. In short, it is claimed that the action of the Commission rendered the questions *res judicata.* ■ It is next insisted that the claim is barred by section 11 (c) of the Workmen's Compensation Act. This contention is based upon the theory that the 38 future weekly payments, dating from December 5, 1924, and of the aggregate value of $748, being commuted on the date·

last above mentioned in a sort of retroactive manner, shortened the time in which the injured employee might be granted further relief as provided by the act from 122 weeks to 84 weeks. In short, it is contended that by said commutation agreement approval the employee, who received no additional compensation that he would not have received had he elected to accept his compensation in installments rather than in a lump sum, barred himself from all other benefits which the act confers upon injured employees generally. This would be a harsh construction to give to an act which the law declares shall be liberally construed with the view of accomplishing its manifest purpose. The bar of the statute invoked here, which is six months after the final payment of compensation, or within six months of the period for which compensation has been paid, does not defeat the claim. The application for an adjustment of claim was filed September 13, 1926, less than six months before the expiration of the 122 weeks' period. It was within six months of the *period for which compensation had been paid*. It is absolutely necessary to include the full time in order to have a basis for the computation of the amount found to be due as provided by the agreement. The payment, by agreement and with the approval of the Commission, may be commuted, but other substantial statutory guaranties will continue during the full period of time for which compensation is provided. The payments of compensation, for the purposes of preserving other rights of the employee, are spread throughout the entire period of payment, and the last payment under the agreement must be held to have terminated early in April, 1926, within six months of the day application for adjustment of claim was filed by said employee. This view is supported by the following provisions of section 11(c) of said act:

"The payment of compensation, or any part thereof, . . . shall have the effect of extending the period within which proceedings for its collection may be commenced, six months from the date of the agreement or last payment of such compensation, or any part thereof, or the expiration of the period covered by any such payment."

Said agreement entered into by the parties seems to recognize that the general rights of the employee were not bar-

gained away by said agreement by accepting a lump sum before the expiration of said 122 weeks, as it expressly provides that "The Industrial Accident Commission may enter its award upon the foregoing agreed statement of facts, upon the request of either party or upon its own motion at any time subject to the right of the Commission to set aside said statement of facts or to reopen said award at any time under its continuing jurisdiction."

The proceedings in this case were largely taken, except the application by the employee for adjustment of claim, prior to the decision in *Liptak* v. *Industrial Accident Commission*, 200 Cal. 39 [251 Pac. 635]. It is very apparent that the rating department did not consider the fact that the injury sustained by the loss of the sight of the right eye left the employee totally blind at the time the rating of 122 weeks was made. Respondent Commission claims that while the surgeon's report did contain a notation of the prior loss of sight of the left eye, the report went to the rating department, which made an informal rating, using a blank upon which was printed a notice that said rating was subject to change and correction. The total loss of sight superimposed by the injury last sustained could not have been taken into consideration either by the rating department or by the Commission, inasmuch as the rating belies the contention.

The Commission never at any time made findings or a formal award in this cause until July 14, 1927. But if it be conceded that the prior act of the Commission approving the commutation of compensation be given all the force and effect claimed for it, to wit, the status of a judgment, sufficient cause appears upon the face of the record to affirm the award of the Commission. The recent case of *Bartlett Hayward Co. et al.* v. *Industrial Accident Commission*, 203 Cal. 522 [265 Pac. 195], fully disposes of the questions of inadvertence on the part of the Commission in its permanent disability rating of an employee, by holding that it constitutes good cause for the exercise of the continuing jurisdiction of the Commission and its right to increase its award in the absence of any evidence as to change in the physical condition of said employee. We are of the opinion that the case last cited and the Liptak case, *supra,* are alone sufficient authority to support the award in the in-

stant case. The major points of the instant case are concluded by those cases.

The award is affirmed.

Richards, J., Shenk, J., Preston, J., Curtis, J., and Langdon, J., concurred.