284 

NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

LOUIS HOROWITZ, PETITIONER, v. ROTHENBERG HAT CO., A CORPORATION, AND FIDELITY AND CASUALTY CO., RESPONDENTS.

Decided March 5, 1941.

For the petitioner, *David Roskein.*

For the respondent, *Francis X. Kenneally.*

\* \* \* \* \* \* \*

At the outset, a chronological recital of the developments in this case, as disclosed by the testimony adduced, the stipulations of counsel and the records of this bureau, is necessary in order that the issues to be determined, be comprehended.

From the evidence, it appears that for some time prior to October 1st, 1931, the petitioner, Louis Horowitz, was employed by the respondent as a hatter. His duties entailed the handling of and coming in contact with furs which had been treated with mercury. During the course of his employment he was exposed to the said mercury with the result that he contracted a compensable occupational disease, namely, mercurial poisoning. Because of this disease the petitioner was compelled to cease work on October 1st, 1931, and it appears that he has been rendered unable to work since that date. At the present time he appears to be totally incapacitated from work by reason of this condition.

On November 9th, 1931, the petitioner filed a formal petition claiming compensation for the cause aforesaid, pursuant to the statute (*N. J. S. A.* 34:15-1 *et seq.*). During the pendency of said petition a compromise agreement and settlement was entered into and approved by Deputy Commissioner John C. Wegner, on March 22d, 1932, wherein the respondent agreed to pay the petitioner the sum of $5,250 in full settlement of the petitioner's claim. The record of that proceeding discloses that the settlement was presented to the court for approval during which the petitioner took the stand and signified his willingness to accept the proposed settlement. The approval of the bureau was given to that settlement and the petitioner was paid the sum of $5,250 by the respondent. Out of the said sum the petitioner agreed to pay his then counsel the sum of $750.

On or about January 11th, 1938, a new claim petition, No. 40331, was filed by the petitioner seeking compensation for the same cause. Subsequent thereto, and on May 16th, 1940, a notice was served upon the attorney for the respondent that an application would be made to the Workmen's Compensation Bureau for a hearing and adjudication on the merits of the petitioner's original claim petition. After a hearing on said application an order was entered on May 20th, 1940, directing that testimony be taken and an adjudication be had on the merits of the petitioner's original petition which was filed as aforesaid on November 9th, 1931.

Respondent's answer denied the allegations of the petition and alleged that the compensation heretofore paid was adequate. By way of a separate defense the answer set forth that petitioner's claim was barred by the statute of limitations.

Thus, the merits of the entire controversy came on for hearing and determination before me.

A disposition of the defense that the statute of limitations has tolled and therefore the petitioner is barred from any recovery, is essential, in my opinion, before the testimony relating to the contraction of the occupational disease and the disability resulting therefrom, be considered.

The applicable portion of the statute, *R. S.* 34:15-22, provides:

"No agreement between the parties for a sum other than that which may be determined to be due by the Commissioner, Deputy Commissioner, or Referee, or a Judge of the Court of Common Pleas upon appeal, shall operate as a bar to the determination of a controversy upon its merits, or to the award of a different sum, if it shall be determined by the said Commissioner, Deputy Commissioner, Referee or Judge, that the amount agreed upon is less or more than the injured employe or his dependants are properly entitled to receive."

In interpreting this section our appellate courts have held time and again that nothing short of a litigated hearing on the merits of the petitioner's claim would be sufficient to satisfy the requirements of the statute. *Stroebel* v. *Jefferson Trucking and Rigging Co.,* 124 *N. J. L.* 210; 11 *Atl. Rep.* (*2d*) 297; *affirmed,* 125 *N. J. L.* 484; 15 *Atl. Rep.* (*2d*) 805; *Ruoff* v. *Blasi,* 117 *N. J. L.* 47; 186 *Atl. Rep.* 851; *affirmed,* 118 *N. J. L.* 314; 191 *Atl. Rep.* 877; *Eldridge* v. *Eldridge,* 17 *N. J. Mis. R.* 232; 8 *Atl. Rep.* (*2d*) 188; *J. W. Ferguson Co.* v. *Seaman,* 119 *N. J. L.* 575; 197 *Atl. Rep.* 245; affirming 15 *N. J. Mis. R.* 393; 191 *Atl. Rep.* 739; *Corasio* v. *Imhoff, Berg Silk Dyeing Co.,* 16 *N. J. Mis. R.* 13; 195 *Atl. Rep.* 620; *Eiken* v. *O'Brien,* 178 *Id.* 373; *King* v. *Western Electric Co.,* 122 *N. J. L.* 442; 5 *Atl. Rep.* (*2d*) 490; *Solazco* v. *Carroll,* 14 *N. J. Mis. R.* 435; 185 *Atl. Rep.* 510.

It is evident, therefore, that the Workmen's Compensation Bureau in approving the 1932 settlement, did not have the authority to preclude the petitioner from a hearing on the merits of his case to the end that he obtain an award of compensation for the full extent of his disability. Controlling in every respect are the decisions in the *Stroebel* v. *Jefferson Trucking* case, *supra,* and *Rightmyer* v. *Borough of Totowa,* 16 *N. J. Mis. R.* 161; 197 *Atl. Rep.* 650; *affirmed,* 17 *N. J. Mis. R.* 300; 8 *Atl. Rep.* (*2d*) 772. The language employed in the Stroebel case may be applied to the determination of the issue of whether or not the statute of limitations in the instant case operates to bar the petitioner's claim. In the cited case, it was held:

"The present proceeding was viewed, ultimately, as one designed 'to adjudicate the original petition;' and the deputy commissioner ruled that it was within his province to hear the original petition on the merits. The compromise agreement, notwithstanding the bureau's approval, does not constitute a bar to the determination of the original petition on the merits. It is lacking in the element of finality."

In passing, it is to be observed that the procedure employed in the case at bar was similar to that which met with the approval of the appellate tribunal in the Stroebel case, *supra*. A notice was served upon and acknowledged by counsel for the respondent on May 16th, 1940, in which "notice is given that application is to be made for a hearing and an adjudication of the petitioner's claim on his original petition, No. 19288." This application came on for argument and was duly considered by me following which on the authority of the last two cited cases I entered an order allowing the petitioner a full hearing on the merits of his original claim petition.

While the foregoing may be dispositive of the defense of the statute of limitations interposed by the respondent, it is of interest to observe that the second petition of the employe was filed within two years from the date of the last payment of compensation. The payment made to the petitioner under the settlement agreement entered into on March 22d, 1932, amounted to $5,250. This sum, in view of his $20 weekly compensation rate would be equivalent to approximately 262½ weeks of compensation. Inasmuch as the petitioner's cause of action accrued on or about October 1st, 1931, it is evident that the application of the payments thus made to the period of time which has elapsed since the disability began, we find that the last date upon which compensation ought to have been paid pursuant to said compromise agreement, was in October, 1936. *King* v. *Western Electric Co.*, 122 *N. J. L.* 442; 5 *Atl. Rep.* (*2d*) 490; *Bucci* v. *Kirkpatrick*, 11 *N. J. Mis. R.* 377; 166 *Atl. Rep.* 203. Thus, the second petition filed on or about January 11th, 1938, appears to have been instituted clearly within the statutory limitation period.

Accordingly, I find and determine that no hearing and adjudication on the merits of the original claim petition which was filed on November 9th, 1931, having been had, the petitioner, under the decisions in the Stroebel and Rightmyer cases, *supra*, was entitled as a matter of right to same. There exists not the slightest doubt that the first claim petition upon which the present hearing is held, was filed as within time. The defense of the statute of limitations is not available to the respondent in the case at bar and I so find.

We next proceed to a consideration of the merits of the petitioner's claim. I find from the testimony adduced, that the petitioner was employed as a hatter by the respondent for some time prior to October 1st, 1931. As such, his duties required and entailed his handling and coming in contact with furs which had been treated with mercury. The medical evidence is compelling and I determine that during the course of his employment with the respondent the petitioner was exposed to mercury with the result that he contracted a compensable occupational disease, namely, mercurial poisoning, for which he is entitled to recover compensation under the terms of the Workmen's Compensation act.

There appeared on behalf of the petitioner, Dr. William S. Berger and Dr. Otto G. Matheke, who treated the petitioner from the termination of the petitioner's employment on October 1st, 1931, to the present date.

Dr. Berger testified *inter alia,* that the petitioner suffered from the acute phases of mercurial poisoning for about two years following this exposure to approximately September 31st, 1933. He exhibited symptoms which included a toxic mercurial dermatitis, nervous manifestations which recurrently flared up acutely; marked tremors and general nervous and mental symptoms. The petitioner, at the time of the earlier settlement, was, in the doctor's opinion, totally disabled. Moreover, there developed as part of his mercurial poisoning symptoms, a Parkinson syndrome from which he is now suffering and by reason of all of the foregoing, he has been totally and permanently disabled.

The testimony of Dr. Matheke, also a treating physician, is of like import as is the testimony and findings of Dr. J.

Sobin, a neurologist, who had occasion to observe the petitioner from January, 1932, to the time of the trial of this cause. No purpose would be served in analyzing their testimony in detail. Suffice it to say that their medical findings and conclusions are to the effect that the petitioner is totally and permanently disabled as a result of the mercurial poisoning which he contracted in the respondent's employ.

On behalf of the respondent, Dr. Irving Willner appeared and testified. It was his opinion that the petitioner's condition was due to a chronic mercurial poisoning and his permanent disability was total.

I have no hesitation in reaching the conclusion and so find that the petitioner is entitled to compensation by reason of his contraction of a compensable occupational disease of mercurial poisoning while in the employ of the respondent. I find that he is entitled to compensation for temporary disability from October 1st, 1931, to September 30th, 1933, a period of 104 weeks, at the compensation rate of $20 per week, making a total of $2,080. The respondent having already paid the petitioner the sum of $5,250 it is entitled to a credit therefor, and the temporary compensation herein adjudged to be due the petitioner, shall be considered as paid.

I further find that the petitioner is entitled to compensation for total permanent disability, or a period of 400 weeks, from September 30th, 1933, to June 9th, 1941, at the compensation rate of $20 per week, amounting to $8,000. After deducting from the sum of $5,250 paid as aforesaid by the respondent, the sum of $2,080 for temporary disability, there remains a balance of $3,170, which constitutes a credit to which the respondent is entitled to on account of the permanent disability award. Thus, the balance due from the respondent to the petitioner for compensation for permanent disability amounts to $4,830. The amount of permanent compensation due from the date of the termination of the temporary disability, September 30th, 1933, to the date of the signing of this order, is hereby declared due and owing and is to be paid forthwith, less the credit to which the respondent is entitled to in the amount of $3,170, as hereinabove referred

to, and the balance of the award is to be paid in installments, as provided by the Workmen's Compensation act.

And it is further ordered, that upon the expiration of the 400-week period hereinabove set forth, this petitioner shall be entitled to further benefits pursuant to the provisions of *N. J. R. S.* 34:15-12b.

\* \* \* \* \* \* \*

It is therefore, \* \* \* ordered, that judgment be and the same is hereby entered in favor of the petitioner, and against the respondent, in conformity with the above findings.

HARRY S. MEDINETS,
*Deputy Commissioner.*