No. 17,993.

DR. PEPPER BOTTLING COMPANY, EL AL. *v*. INDUSTRIAL COMMISSION OF COLORADO, ET AL.

(301 P. [2d] 710)

Decided September 24, 1956.

Mr. DUANE O. LITTELL, for plaintiffs in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. PETER L. DYE, Assistant for defendant in error Industrial Commission of Colorado.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

WE will herein refer to plaintiffs in error, the Dr. Pepper Bottling Company and the Columbia Casualty Company, as employer and insurer respectively; and to defendants in error, the Industrial Commission of Colorado and Edward Burks, Jr., as the commission and the claimant, respectively.

The employer and the insurer bring the case to this Court for review of the judgment of the district court of the City and County of Denver affirming an award of the commission in a proceeding arising under the Workmen's Compensation Act of Colorado (C.R.S. 1953, 81-1-1 et seq.).

Claimant while working for the employer sustained an accidental injury November 3, 1947, and liability for disability compensation caused by this accident was admitted by the employer and the insurer. A spinal fusion was performed by Dr. Karabin on November 11, 1947, to remedy the injury. Final payment of compensation

for this injury was made May 17, 1948, and at that time no permanent disability compensation was awarded or paid.

March 5, 1953, claimant petitioned the commission to reopen his claim on the ground that his condition following the accident of November 3, 1947, had become worse, and as a result thereof he suffered permanent disability. March 15, 1953, the commission entered an order reopening the claim to determine "whether or not there has been error, mistake or change in condition." This hearing was held June 30, 1953, at which it was shown in evidence that a second spinal fusion had been performed by Dr. Colton on January 14, 1953. The operation performed in 1947 was performed "posteriorly"; the operation of January 14, 1953, was known as an "anterior spine fusion." Dr. Colton testified, in substance, that in performing the second operation he had observed that the first fusion was broken and that posterior spine fusions generally are not adequate for spondylolisthesis. He said that it does not take any undue strain to break them down; that they will do so no matter what the patient does; and that he did not know what caused the fusion first performed to "break down."

July 14, 1953, the commission entered an order finding, in substance, that claimant had sustained ten per cent permanent partial disability from the first fusion which was performed to remedy his injury of November 3, 1947, and awarded compensation accordingly. The commission found, however, that the second operation was made necessary by a different accident and that no compensation was due from the person by whom he was then employed. This intervening accident occurred in September, 1951, in connection with removing an old bathtub from premises upon which claimant was then employed as a plumber's helper. The award ordered, "That respondents pay compensation to claimant at the rate of $17.50 per week from November 14, 1947 to May 20, 1948, inclusive, for and on account of tempo-

rary total disability (which has heretofore been paid) and thereafter at that same rate until the sum of $3,531.71 has been paid, for and on account of permanent partial disability." This latter sum was paid August 10, 1953. It is argued by counsel for the employer and the insurer that upon the basis of the last mentioned award, compensation for permanent partial disability in the amount of ten per cent was paid from May 20, 1948 to April 5, 1952.

May 26, 1954, claimant again petitioned the commission to reopen his claim and the commission on its own motion entered an order on June 3 reopening the matter for the purpose of determining "whether or not there has been error, mistake or change in condition."

July 1, 1954, the employer and the insurer filed a motion to dismiss claimant's petition to reopen the hearing and to set aside the order of the commission reopening the case. The grounds on which they relied in the motion to dismiss were that the commission lacked jurisdiction to reopen the proceedings in that: (1) More than six years had elapsed from the date of the injury; and (2) more than two years had elapsed since the date on which the last payment theretofore ordered became "due and payable." The motion to dismiss was denied. Subsequent hearings were held and concluded November 10, 1954. The commission on November 18, 1954, ordered additional compensation to be paid at the rate of $17.50 per week "until the further sum of $4,550.00 has been paid, for and on account of permanent partial disability, * * *."

The statute pertinent to the issue, C.R.S. 1953, 81-14-19, is as follows:

"Upon its own motion on the ground of error, mistake or a change in condition, the commission, at any time within six years from the date of accident in cases where no compensation has been paid; or, at any time within two years after the date last payment becomes due and payable or within six years from the date of accident, whichever is longer, in cases where compensation has

been paid, and after notice of hearing to the parties interested, may review any award and on such review, may make an award ending, diminishing, maintaining, or increasing compensation previously awarded, subject to the maximum and minimum provided in this chapter, and shall state its conclusions of fact and rulings of law, and shall immediately send to the parties a copy of the award. No such review shall affect such award as regards any moneys already paid."

The employer and the insurer base their arguments for reversal of the judgment on two grounds which we quote from the brief of their counsel as follows:

1. "The Industrial Commission of Colorado had no jurisdiction to conduct the further hearings in this case on September 22, 1954, and November 10, 1954."

2. "The Commission made no finding of facts in support of its Supplemental Award and was precluded from so doing because there was no evidence before the Commission of error, mistake or change in condition."

Questions to be Determined.

First: *Under the foregoing facts, did the two year statute of limitations begin to run April 5, 1952 (the date on which the last payment for permanent disability would have been made if there had been continuous monthly payments during the period of time covered by the final award); or did said statute begin to run July 14, 1953, which was the date on which the commission ordered, retroactively, the payment of $17.50 for every week beginning in May, 1948, until $3,531.71 had been paid?*

The answer is, that the statute did not begin to run until the award was in fact made by the Industrial Commission, which in the instant case was July 14, 1953. The Industrial Commission on June 3, 1954, ordered the claim reopened for further hearing. The application for the order, and the order itself, was made and entered within two years from July 14, 1953, and thus the action was taken well within the statutory period.

■ Counsel for the employer and the insurer contends that the last payment under the first supplemental award was "due and payable" April 5, 1952. He argues that the two year statute of limitations began to run on that date notwithstanding the fact that the order of the commission directing weekly payments beginning in May, 1948, for each week thereafter until $3,531.71 had been paid, was not entered until two and one-half years after the number of weeks had passed to account for the full amount of the award. Certainly under these circumstances, in the absence of an adjudication on any issue of permanent disability, it cannot be said that compensation was due and payable in any amount. Within the meaning of the statute the full sum was due and payable upon the entry of the final order of the commission, and from and after that date the statute of limitations began to run.

■ Counsel for the employer and the insurer argues that the claim could not legally be reopened on June 3, 1954, for that date is more than six years from the date of the accident of 1947 as well as more than two years from the date the last payment of compensation should have been made — April 5, 1952 — and thus is contrary to the provisions of the statute hereinabove quoted. With this argument we cannot agree. We hold that a payment of compensation cannot be "due and payable" under the pertinent statute when it never has been considered or ordered by the commission.

Second: *Did the commission make adequate findings of fact in support of its supplemental award of November 18, 1954, which were sufficiently supported by evidence?*

This question is answered in the affirmative. It is argued that the commission in its final award did not find the evidentiary and ultimate facts essential to sustain the award within the requirements of the rule laid down by this Court in *Metros v. Denver Coney Island, et al.,* 110 Colo. 40, 129 P. (2d) 911; and *U. S. F. & G. Co.,*

*et al. vs. Industrial Commission, et al.,* 128 Colo. 68, 259 P. (2d) 869.

No good purpose would be served in lengthening this opinion by incorporating herein the full text of the commission's award of November 18, 1954. Suffice it to say that it is not so inadequate as to offend against the principles laid down in the cases hereinabove cited. We are of the opinion that there was sufficient competent evidence introduced upon the hearings to support the award of the commission.

The judgment is affirmed.