No. 18,810.

UNIVERSITY OF DENVER, ET AL. *v.* INDUSTRIAL COMMISSION OF COLORADO, ET AL.
(335 P. [2d] 292)

Decided February 9, 1959.

Messrs. Sheldon & Nordmark, for plaintiffs in error.

Mr. Robert Swanson, for defendant in error Ernest E. Nemeth.

Mr. Duke W. Dunbar, Attorney General, Mr. Frank E. Hickey, Deputy, Mr. Peter L. Dye, Assistant, for defendant in error Industrial Commission of Colorado.

*En Banc.*

Mr. Justice Sutton delivered the opinion of the Court.

This is a Workmen's Compensation case arising under

C.R.S. '53, 81-14-19, involving a dispute as to the period within which a claim may be reopened after an award.

It is a case of first impression in Colorado. The plaintiffs in error will be referred to as defendants as they appeared below; the Industrial Commission will be referred to as the Commission and Ernest E. Nemeth as claimant.

In *University of Denver, et al. v. Nemeth, et al.* (1953), 127 Colo. 385, 257 P. (2d) 423, it was held that this claimant, who was injured while playing football for the University of Denver, was covered by the Workmen's Compensation statutes, his employment in other part time work for the University being dependent upon his participation in such athletics.

Claimant's original award was dated July 20, 1953. The then finding was that he was 15% permanently disabled with maximum improvement as of January 1, 1952. Weekly payments of $11.87 were ordered for temporary and permanent partial disability until $3656.22 was paid with interest on all accrued compensation. Claimant was also awarded medical, surgical and hospital expenses. Payments then due were paid on or about July 21, 1953, and weekly payments made thereafter until October 26, 1954, at which time on claimant's petition the Commission ordered a final award of a lump sum with the employer neither approving nor disapproving the action. This lump sum was paid by defendants who deducted the statutory four percent discount. Claimant executed a receipt for the final payment which read in pertinent part: "in full payment under * * * Award of Commission * * * for all injuries or disablement * * * received by me on or about April 17, 1950." The Commission approved the receipt by its stamp thereon which included as part thereof the wording: "SUBJECT TO ANY FUTURE CLAIM FOR DISABILITY AS PROVIDED BY LAW."

On December 12, 1957, claimant petitioned the Commission to reopen his case on the sole ground of change

in his condition. The Commission considered the request and on its own motion ordered the case reopened on January 10, 1958. On review the District Court affirmed. Defendants are here by writ of error contending that under the statute in question the Commission lacked jurisdiction to order a reopening.

SOLE QUESTION TO BE DETERMINED:

*Where a claimant under the Workmen's Compensation Statute has been awarded compensation and has received a lump sum in settlement and executed a receipt therefor acknowledging it to be received in full payment of the award for all injuries or disablement, does the statutory period of time under C.R.S. '53, 81-14-19, relating to the time within which the Commission may reopen the case due to a "change in condition" begin to run from the date of the payment or from the date when periodic payments would have terminated if such payments had been made in monthly installments as originally ordered?*

The correct answer to this question depends upon an interpretation and construction of provisions of the Workmen's Compensation Act involved.

The statutory wording reads:

"Upon its own motion on the ground of error, mistake or a change in condition, the Commission * * * at any time within two years after the date last payment becomes due and payable or within six years from the date of accident, whichever is longer, in cases where compensation has been paid * * * may review any award and on such review, may make an award ending, diminishing, maintaining or increasing compensation previously awarded. No such review shall affect such award as regards any moneys already paid." (C.R.S. '53, 81-14-19.)

Before discussing our view of the statute as it relates to the question at hand, we point out that the statute grants the exclusive right to reopen to the Commission and a claimant's petition is merely a means of calling

the attention of the Commission to the fact such action should be taken.

■ Under the facts here presented the order to reopen was made later than "six years from the date of the accident" so claimant's rights must be determined by what the legislature meant by the statutory words "at any time within two years after the date last payment becomes due and payable." The words "due and payable" present a slight ambiguity as here used, because the legislature has not stated whether it applies to commuted payments or to periodic payments or to a combination of such payments as occurred here. It is well established, requiring no citation of authority, that in such circumstances the courts are compelled to construe the law and interpret the legislature's intent as may appear from a consideration of the purpose and intent of the entire enactment. In the interpretation of Workmen's Compensation Laws it is equally well established in Colorado, and only recently reaffirmed, that such statutes are to be liberally construed to accomplish the beneficent social and protective purposes of such enactments. *Industrial Commission v. Havens* (1957), 136 Colo. 111, 314 P. (2d) 698.

■ While it is true in the usual contractual sense that when defendants paid the lump sum payment nothing further was then "due and payable" to claimant, it is also true that parties cannot by private contract abrogate statutory requirements or conditions affecting the public policy of the state.

■ In the case at bar, as in every other agreement permitted under the Workmen's Compensation Statute, the applicable part of the law is an inherent part of any contract between employer and employee whether mentioned or known, and *a fortiori* modifies it where in conflict therewith.

■ The time provided by the statute within which the Commission could reopen this case on any of the statutory grounds became fixed as of the date of the

final award regardless of whether the sum was paid periodically or later commuted. So computed the deadline did not expire until the last periodic payment would have been due in the fall of 1957. The order to reopen having been entered on January 10, 1958, within the two year period provided, it was within apt time.

Among the several contentions urged by defendants, three have not been answered by the above and they are hereinafter commented upon.

First, their citation of *Daytona Beach Boat Works v. Spencer* (Fla. 1943), 15 S. 2d 256, which is somewhat similar to this case. We choose not to follow it and believe the citations of authority briefed by claimant relating to the same problem offer a more logical and enlightened rule. See: *Horowitz v. Rothenberg Hat Co.* (1941), 19 N.J. Misc. 284, 18 A. 2d 852, 854; *Anderson v. Public Service Electric & Gas Co.* (1935), 114 N.J.L. 515, 177 A. 865, 867; *King v. Western Electric Co.* (1939), 122 N.J.L. 442, 5 A. 2d 490, 493; *Davis v. Asquini* (1934), 114 Pa. Super. 60, 173 A. 672; *U.S.F. & G. Co. v. Ind. Acc. Comm.* (1928), 204 Cal. 88, 266 Pac. 805; *In re Holland* (1920), 72 Ind. App. 588, 126 N.E. 236.

The rule we apply here is in harmony with the general rule as set forth in 165 A.L.R. 59, where it is said:

" * * * Although the authorities are not in complete agreement, most of the courts which have passed on this question have held that where compensation is commutated and paid in a lump sum, payment so made at the time of commutation does not constitute a 'last' payment so as to start the running of the statutory period within which review may be sought; the statutory period, in such a case, does not run against a review application until the time when the payments on the original award or agreement would have run out had they continued to have been paid in instalments. As a reason for such rule, it has been pointed out that commutation does not in and of itself affect the merits as to whether in a par-

ticular case further compensation may or may not be attempted to be secured, but constitutes nothing more or less than an advance payment. * * *."

Secondly, the defendants cite *Dr. Pepper Bottling Company, et al. v. Ind. Com.* (1956), 134 Colo. 238, 301 P. (2d) 710, as governing this precise point. That case supports the position of claimant rather than opposing it.

Thirdly, defendants contend that the statutory wording in C.R.S. '53, 81-14-19, which provides: "No such review shall affect such award as regards any monies already paid" would prevent them from recovering any sums already paid claimant if he, for example, had died before the last periodic payment would have been paid, therefore, the commission could not order further sums to be paid a claimant if his case is reopened under this section and these facts. Clearly such a conclusion is a *non sequiter*. Such an unwarranted and harsh interpretation of Workmen's Compensation Laws would not be justified.

The Industrial Commission did not lose jurisdiction under the facts presented and the judgment must be affirmed.

Mr. Justice Frantz not participating.