**Delores CHAVEZ, Petitioner,**

v.

**Robert BRIDEWELL & Richard Pew, General Partners, d/b/a Colorado Springs Hotel, State Compensation Insurance Authority, and Industrial Claim Appeals Office of Colorado, Respondents.**

**No. 87CA1950.**

Colorado Court of Appeals, Div. II.

Sept. 29, 1988.

Gerlach & Weddell, P.C., Douglas A. Weddell, Colorado Springs, for petitioner.

Paul Tochtrop, Denver, for respondents State Compensation Ins. Authority and Colorado Springs Hotel.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Angela M. Lujan, Asst. Atty. Gen., Denver, for respondent Indus. Claim Appeals Office.

MARQUEZ, Judge.

Delores Chavez (claimant) contests the final order of the Industrial Claim Appeals Office (Panel) which denied her petition to reopen because it was not filed within the statutory limitation period. We affirm.

In December 1979, claimant injured her knees. The employer and insurer (respondents) admitted liability for the injury. However, claimant and respondents could not agree on the correct temporary total disability rate, the need for vocational rehabilitation, and the degree of permanent partial disability. Rather than litigate these matters, the parties elected to enter into a settlement agreement.

In February 1983, the Director of the Division of Labor approved a settlement between claimant and respondents. The settlement provided that respondents would pay claimant's medical expenses up to $20,000 and pay to claimant "$24,000 in one lump sum without discount." In return for this payment, claimant agreed to waive any claims she might have for temporary total disability, temporary partial disability, permanent partial disability, permanent total disability, and/or vocational rehabilitation. The $24,000 payment was made in February 1983.

Thereafter, in February 1986, claimant filed a petition to reopen her claim alleging that her condition had worsened. She requested additional temporary and permanent disability, vocational rehabilitation, and medical benefits. Respondents contested the petition alleging that claimant had waived further benefits as part of the 1983 settlement.

The Administrative Law Judge (ALJ) ruled that respondents were responsible for certain medical expenses but that, pursuant to the settlement, claimant had waived the right to the remaining requested benefits. The ALJ ruled that the decision in *Padilla v. Industrial Commission*, 696 P.2d 273 (Colo.1985), which concluded that the Director of the Division of Labor had the authority to reopen a case within requisite time limitations regardless of the manner in which the case was resolved, could not be retroactively applied to claimant. However, after claimant filed a petition to review, the ALJ reversed his position on the *Padilla* issue. The ALJ held that *Padilla, supra,* was retroactive.

Further, applying *University of Denver v. Industrial Commission*, 138 Colo. 505, 335 P.2d 292 (1959), the ALJ held that claimant's petition had been timely filed. In that case, our supreme court held that where a lump sum award is granted, the time for filing a petition to reopen commences on the date the last payment would have been due had the award been paid periodically, rather than on the date the

lump sum award was paid. The ALJ computed that had claimant's award of $24,000 been paid at the rate of $84 weekly the last payment would have been due approximately five and one-half years after the settlement. Since § 8–53–113, C.R.S. (1987 Cum.Supp.) permits reopening within two years after the date the last compensation becomes due and payable, the ALJ concluded that the petition to reopen was timely filed.

Although the Panel did not determine whether a reopening was permissible under *Padilla, supra,* it did set aside the ALJ's order, concluding that claimant's petition was not timely filed. The Panel reasoned that *University of Denver v. Industrial Commission, supra,* was not applicable because there was no basis for the ALJ's assumption that the 1983 settlement represented an award for permanent disability apportioned on a weekly basis for five and one-half years. We agree with this reasoning.

In *University of Denver v. Industrial Commission, supra,* the claimant had been adjudicated to have a 15% permanent partial disability and weekly disability payments were paid for over a year. Therefore, the date the final periodic payment would have been due could be ascertained.

Here, however, no degree of permanent disability was ever adjudicated and the parties did not assign or equate a permanent partial disability rating with the lump sum settlement. Rather, the parties simply agreed on a lump sum payment which represented an unallocated amalgam of vocational rehabilitation and temporary disability benefits to which claimant may then have been entitled, as well as any permanent disability award. Under these circumstances, it is not possible to ascertain a periodic payment equivalent.

Therefore, since the lump sum award could not be equated with a permanent partial disability rating, the date that the last compensation was due and payable was in February 1983. Since claimant did not file her petition to reopen until February 1986, her petition was untimely and was properly dismissed.

The order is affirmed.

SMITH and METZGER, JJ., concur.