**Judy M. GOFF, Appellant–Plaintiff,**

**v.**

**WAL–MART STORES, INC., Appellee–Defendant.**

**No. 93A02–9906–EX–448.**

Court of Appeals of Indiana.

Nov. 22, 1999.

Rehearing Denied Jan. 10, 2000.

Jack R. Robinson, Rockport, Indiana, Attorney for Appellant.

Scott Wilhoit, Clark, Ward & Cave, Louisville, Kentucky, Attorneys for Appellee.

**OPINION**

DARDEN, Judge

*STATEMENT OF THE CASE*

Judy Goff appeals the Worker's Compensation Board's dismissal of her application for review of a prior award.

We affirm.

*ISSUE*

Whether the Board erred in dismissing Goff's application.

*FACTS*

The dispositive facts are undisputed. On October 23, 1989, Judy Goff was injured during the course of her employment at Wal–Mart. Wal–Mart contested the extent of Goff's injuries. On November 4, 1994, Goff, represented by counsel, and Wal–Mart entered into a "Stipulation for Settlement" pursuant in part to Ind.Code § 22–3–2–15. The settlement agreement provides in pertinent part as follows:

2. That the parties agree that any order of this Worker's Compensation Board approving payment by the Defendant to the Plaintiff pursuant to the terms of this agreement shall constitute an approval of this compromise settlement agreement and *a waiver by each and all other parties hereto to any rights any one of them may hereafter have under the Worker's Compensation Act. . . .*

6. [W]ith the . . . *willingness on the part of the parties to give up rights that they may hereinafter have acquired in connection with said claim under the provisions of the Indiana Worker's Compensation Act,* the parties have agreed that the Defendant will pay to Plaintiff the sum of Twenty–Five Thousand Dollars ($25,000) *in full and final satisfaction of all claims and further claims which Plaintiff may have against Defendant under the provisions of the Indiana Worker's Compensation Act* in any fashion arising out of the injuries which Plaintiff alleges that she suffered on or about October 23, 1989. . . .

8. That the parties do hereby specifically *waive and give up all further rights they or any of them may have under the Indiana Worker's Compensa-*

*tion Act* and further agree that the approval of the Worker's Compensation Board of Indiana, carrying into effect the provisions of this compromise settlement, shall be deemed by the parties to constitute an approval of the settlement set forth herein and *a waiver of all further rights under the Indiana Worker's Compensation Act.*

(R. 6–9). The Board approved the settlement agreement on December 8, 1994.

On September 18, 1996, Goff filed an "Application for the Review of Award on Account of Change in Conditions" wherein she alleged that her permanent partial impairment had increased since the date of her award and asked the Board to modify the award. (R. 37). Wal–Mart responded with a motion to dismiss wherein it argued that, pursuant to the terms of the settlement agreement, Goff had waived all further rights under the Worker's Compensation Act. A single hearing member of the Worker's Compensation Board denied the application after a hearing. Specifically, the single hearing member concluded as follows:

1. The "Stipulation for Settlement" approved by the Worker's Compensation Board of Indiana on December 8, 1994, resulted in a waiver of all of Plaintiff's claims....

2. Plaintiff's "Application for the Review of Award on Account of a Change in Conditions" should be and, is hereby, dismissed.

(R. 100).

Goff filed an application for review by the full Board which conducted a hearing and adopted the single hearing member's decision. Goff now appeals the Board's decision.

### DECISION

█ In reviewing a decision of the full Worker's Compensation Board, this court is bound by the Board's findings of fact and may only consider errors in the Board's conclusions of law. *Four Star Fa-*

*bricators, Inc. v. Barrett,* 638 N.E.2d 792, 795 (Ind.Ct.App.1994): Ind.Code § 22–3–4–8(b). We cannot disturb the Board's factual determinations unless we conclude that the evidence is undisputed and leads inescapably to a contrary result. *Id.* While we do not owe this same measure of deference to the Board's legal conclusions, its decision will not be disturbed unless the Board incorrectly interpreted the Worker's Compensation Act. *Id.*

▪█ Goff argues that the Board erred in dismissing her application for review of a prior award. Specifically, she contends that *"[e]very* Worker's Compensation case presented to the Worker's Compensation Board of Indiana, whether the award was by agreement or hearing, is subject to modification by the Board because of a change of condition of the employee." Goff's Brief, p. 7. (Emphasis added). The gravamen of Goff's argument is that an employee cannot waive her rights under the Worker's Compensation Act.

Goff is partially correct in that initially or at the inception of employment, unless specifically exempted, an employer cannot by contract, agreement (written or implied), rule or other device, in any manner, operate to relieve itself in whole or in part of its statutory duty and responsibility to provide worker's compensation for its employees. *See* Ind.Code § 22–3–2–15. However, I.C. § 22–3–2–15 further provides that "no agreement by an employee or his dependents to waive his rights under [the Worker's Compensation Act] shall be valid ... until approved by a member of the board...."

█ The first and often the only step in resolving an issue of statutory interpretation is the language of the statute. *Shell Oil v. Meyer,* 705 N.E.2d 962, 972 (Ind. 1998), *reh'g denied.* When a statute is clear and unambiguous on its face, we need not, and indeed must not, interpret the statute. *Matter of Commitment of Pepper,* 700 N.E.2d 253, 256 (Ind.Ct.App. 1998). Rather, we give the statute its plain and clear meaning. *Id.*

Here, I.C. § 22–3–2–15 plainly and clearly contemplates that an employee may waive her rights under the Worker's Compensation Act, including the right to modification of an award, so long as the Board approves the waiver agreement. We note that Goff's reliance on *In Re Holland,* 72 Ind.App. 588, 126 N.E. 236 (1920), is misplaced. *Holland,* wherein the Appellate Court of Indiana "attach[ed] no significance" to the employee's recital that the employer's payment was made in " 'in full satisfaction and discharge of all liability of the employer to [the employee] by reason of the injury of November 20, 1918,' " *id.* at 237, was decided prior to 1974, the year that the waiver language was inserted into I.C. § 22–3–2–15. *See* Acts 1974, P.L. 108, SEC. 6.

Here, pursuant to the terms of a Board-approved settlement agreement, Goff unequivocally waived all further rights under the Worker's Compensation Act. This waiver includes a right to modification of her worker's compensation award. Therefore, the Board's legal conclusion that Goff waived her claim and its decision to dismiss her application were not an incorrect interpretation of the Worker's Compensation Act, and we find no error.

We further note that an agreement between the employer and the employee providing for compensation payments is like a contract between the parties, and once approved by the Board, it is binding on the parties. *Indiana University Hospitals v. Carter,* 456 N.E.2d 1051, 1055 (Ind.Ct.App. 1983); Ind.Code § 22–3–4–4. An award, once approved, cannot be set aside in the absence of showing mistake, fraud, trickery or duress. *Id.* Goff has alleged none of these grounds. We find no error in the Board's decision.

Affirmed.

GARRARD, J., and FRIEDLANDER, J., concur.